## Ex parte Morris and Johnson.

1. It is the duty of a court below to obey and give effect to the mandate of this court, as far as practicable.   Where the mandate is for restitution of moneys, recovered by persons under a decree of the court below, all persons within the reach of the territorial jurisdiction of that court should be required by the proper order to refund what they have received.   If they fail to do so, they should be dealt with promptly, by attachment, for contempt.   This in no wise interferes with common law remedies, except that the parties entitled to restitution cannot be paid twice.

2. If a party within the jurisdiction is in possession of any part of the fund ordered to be paid back, which was received by another who is out of the jurisdiction, the rights of the petitioners follow the money into his hands, and he is liable for it.   Such party, within the jurisdiction, should, on an allegation of his possession, be required to disclose the facts touching that subject, and if he is in such possession, he should be required to restore the money so received.

3. Where a marshal, who is bound under a mandate from this court to make restitution, returns that he has deposited the money in bank pursuant to directions from the United States, the circumstances of the deposit should be inquired into.   If the money was deposited, pursuant to instructions from the proper authority, he is exonerated, and in that event the proper certificate should be given by the court to the petitioners, and they be left to seek redress in the appropriate manner.   The court has no authority to order the United States to refund.

This was a petition presented by *Mr. P. Phillips, in behalf of Morris and Johnson,* for a writ of mandamus against Richard Busteed, judge of the District Court of the United States for the Middle District of Alabama.

Mr. Justice SWAYNE stated the facts, and delivered the opinion of the court.

The United States filed an information in the District Court for the Middle District of Alabama, against certain bales of cotton, which it was alleged were liable to seizure and confiscation, and had come into the possession of the petitioners.   The court entered a personal decree against them for the value of the cotton.   They brought the case here by appeal.   This court reversed the judgment and remanded the cause, with directions to the District Court "to cause restitution to be made to the appellants of whatever

they have been compelled to pay under that decree." A mandate to this effect was sent to the District Court.* Nothing effectual has been done under it. The petition, which is the foundation of this proceeding, was filed in this court. The district judge waived the issuing of a rule to show cause, and submitted a return by which the following facts appear.

After the rendition of the decree the judge made an order directing the money, when collected, to be distributed as therein prescribed. Five per cent. was to be paid to F. Q. Smith, the attorney of the United States; one per cent. to John Hardy, the marshal; one per cent. to E. C. F. Blake, the clerk of the court; and one-half of the entire amount, less costs and charges, to E. R. McCrosky, the informer. The other half was to be held in the registry of the court, subject to the order of the Secretary of the Treasury. A *fi. fa.* was issued on the decree, and the full amount collected from the petitioners. The mandate of this court was presented to the District Court, and proceedings instituted to enforce the order of restitution. Written answers were filed by the parties who were brought before the court.

McCrosky, the informer, was beyond the limits of the State of Alabama. He did not appear or answer. The district attorney admitted that he had received the amount adjudged to him; but insisted that he had a right to hold it. In his oral examination before the court it was proposed to show by his testimony that he had received a large part of the money paid to the informer. This was objected to by his counsel, and the objection was sustained by the court.

The clerk answered that he had received nothing under the order.

The marshal answered that after paying Smith and McCrosky, he had deposited the residue, less the costs of the case, in the First National Bank of Selma, pursuant to instructions from the Interior Department. That bank has since failed, and is now in the hands of a receiver. The receiver's answer is in the case, but requires no particular notice.

---

* 7 Wallace, 579.

Under these circumstances the district judge was at a loss how to execute the mandate heretofore sent to him, and submits himself to this court for further instructions.

The duty of the District Court is simple and obvious, and its power ample. The mandate of this court must be obeyed as far as practicable. All the distributees within reach of the territorial jurisdiction of the court, except the United States, must be required by the proper order to refund what they have received. If they fail to do so, they should be dealt with promptly, by attachment, for contempt. This will in no wise interfere with any other remedy to which the petitioners may be entitled, except that they cannot be paid twice.

If Smith, the district attorney, received from McCrosky any part of the fund ordered to be paid to the latter, the rights of the petitioners followed the money into his hands, and he is liable for it.*   He should have been required to disclose the facts touching that subject, and if they were as the petitioner sought to show, he should have been required to restore the money so received, as well as that which was paid to him under the order of distribution.

McCrosky being beyond the reach of the court, no order can be made in relation to him. He will be amenable to a suit at law wherever he may be found.

The circumstances of the marshal's deposit should be inquired into. If the money in question was deposited in the Bank of Selma, pursuant to instructions from the proper authority, he is exonerated. In that event, the proper certificate should be given by the court to the petitioners, and they must be left to seek redress in the appropriate manner. The court has no authority to order the United States to refund.

A writ of mandamus will be sent to the District Court, directing it to proceed to execute the mandate of this court

IN CONFORMITY TO THIS OPINION.

---

* Taylor *v.* Plumer, 3 Maule & Selwyn, 562; Oliver *v.* Piatt, 3 Howard, 401.