## JACINTO LOPEZ LABORDE ET AL.

*v.*

## BUENAVENTURA UBARRI.

---

San Juan, Law, No. 386.

1. Where, pending appeal by defendant without giving a supersedeas bond, execution is issued by plaintiff, and a portion of the amount realized thereupon is given to his attorneys in accordance with a contract by which they were to receive for their services a certain percentage of the amount recovered, they are liable to defendant for a restitution of the amount so received by them.

Laborde v. Ubarri.

2. The district court of the United States is without jurisdiction to modify or change, after the termination of the term at which it was entered, its order of restitution of the amount received upon an execution in an action pending an appeal.

Opinion filed July 1, 1912.

*Messrs. Sweet, Rossy, & Campillo* for plaintiffs.

*Mr. José R. F. Savage* for defendant.

CHARLTON, Judge, delivered the following opinion:

Heretofore in this court the plaintiffs recovered from the defendant a judgment in the sum of $99,000. Thereafter the defendant took the case to the Supreme Court of the United States, but did not give a supersedeas bond,. and, pending the consideration of the case by the Supreme Court, execution was issued on application of counsel and attorneys for the plaintiffs, and certain real estate, the property of the defendant, was sold upon execution, and the amount realized therefor was distributed amongst the plaintiffs in the case, and a portion thereof to Messrs. Sweet, Rossy, & Campillo, their attorneys, in accordance with a contract, under and by virtue of the terms of which, the said firm of Sweet, Rossy, & Campillo was to have, in consideration for services as attorneys and counsel, a certain percentage of the amount recovered.

The question now arises on a motion to set aside the order of restitution, heretofore made upon Messrs. Sweet, Rossy, & Campillo, of the amount which they so received as their per-

centage, under their contract, of the amount which was realized on the execution issued pending the proceedings in the Supreme Court of the United States.

The question has had such considerable difficulty for me as to cause me to delay its decision to a degree where the sale of property of one of the firm of Sweet, Rossy, & Campillo, seized on execution and advertised, has been compelled to be adjourned from time to time. I have given the argument and citations of counsel on both sides the most careful and thorough and repeated attention.

It is claimed in support of the contention for restitution, that this court, having prior to this time and before this term made an order of restitution against Messrs. Sweet, Rossy, & Campillo, is without jurisdiction at this time to review its former action. And as against that contention, counsel for the attorneys cites the case of Phillips v. Negley, 117 U. S. 665, 29 L. ed. 1013, 6 Sup. Ct. Rep. 901, where it was held by the Supreme Court of the United States that:

"Final judgments at law cannot, by proceedings taken after the close of the term at which they were entered, be reversed or annulled for errors of fact or law by the court which rendered them; except that clerical mistakes, and such mistakes of fact not put in issue or passed upon as may be corrected by writ of error coram vobis (or on motion in place of that writ, where such practice prevails), and a mistake in the dismissal of a cause, may be corrected after that time: the same rule applies in equity, excepting, further, the right to take jurisdiction of bills for review."

I have been unable to see that such holding of the Supreme Court in any manner affects vitally the general rule of law that,

Laborde v. Ubarri.

with exceptions demarked, the court is without jurisdiction to modify or to annul a ruling which is final and determines a case. The distinction between that and interlocutory orders is of course perfectly obvious.

The other important contention on behalf of the writ of restitution is that attorneys who are conducting a litigation under a contract of participation are bound by the same notice as the nominal parties to the suit or action, and are, in the contemplation of law, parties to such contention, and are chargeable with all notice that a party is charged with, as such participating parties themselves, and that said notice is sufficient to render them liable for restitution of such portion of the amount which was recovered under the execution, as may have been paid to them.

The proponent of the writ cites in support of his contention the case of Ex parte Morris, which is found in 9 Wall. 605, 19 L. ed. 799. That was a case which arose under a special act of Congress in relation to cotton and other commodities and property which had been seized by the officers of the United States in the Southern states during the Civil War, and it provided specifically for the payment to the United States district attorney, and to various officials of the United States courts, of certain proportions of amounts which had been received from the sale of goods confiscated as contraband of war. In this case an order of restitution was made, and the district attorney and other officials of the court named in the act, who had received certain percentages of amounts realized by sale in this case, were directed by the order of the court to make restitution of the amounts so received. I do not consider that this is anything other than a highly special holding upon a specific statute, and

that it of itself would not be controlling, or even influential on the determination of the court in a case of general principle, such as is here involved, and therefore the determination of the court is based in no degree upon the authority of Ex parte Morris, supra.

It is contended as against the writ of restitution, that Messrs. Sweet, Rossy, & Campillo, not being parties to the suit, or to any action between the plaintiff and the defendants originally, and never having been made such by application of the defendants, cannot be affected by any order of the court, and that it is without authority to grant the writ here prayed, for the reason that they have not had their day in court, and that, therefore, any order granting the writ of restitution would be without due process of law.

I do not think either the records or the fact or the authorities bear out the grounds of this contention, and I am satisfied that, under the circumstances here detailed and the state of facts which is agreed by both sides to exist, and about which there is no controversy, the firm of Sweet, Rossy, & Campillo is so far responsible as to be under the order of the court, after having had full opportunity to be heard, and after having appeared for that purpose.

It is unnecessary for me to review the cases cited by counsel on both sides, all of which have received my very careful reading and attention, because, from a consideration of the whole case, I am satisfied, on the authority of Phillips v. Negley, supra, and also the case of Re Metropolitan Trust Co. in 218 U. S. at page 312, 54 L. ed. 1051, 31 Sup. Ct. Rep. 18, that a court cannot deal with a decree,—and in this case the ruling heretofore made by this court has all the force and effect of a

decree,—other than for a correction of clerical error or inad-
vertence, after the termination of the term at which it was
entered, and that, therefore, the former order of this court, sus-
taining a writ and making an order of restitution, is without
my jurisdiction to modify or change at this time, being after the
term at which said order was rendered.

I am further of opinion that, under the circumstances detail-
ed, and with the existence of a participating contract in favor
of Messrs. Sweet, Rossy, & Campillo, who were counsel at all
stages of the various proceedings taken, they are liable to the
defendant for a restitution of all sums received by them as their
proportion of the proceeds of the execution issued, levied, and
realized pending the appeal. The motion will therefore be
denied.