In the Matter of EDWIN J. LONG.

LOLETA A. LONG, as Administratrix of the Estate of EDWIN J. LONG, Deceased, Appellant; HARRY H. GOEBEL et al., Attorneys, Respondents.

Argued January 5, 1942; decided March 5, 1942.

*Frederick Shulman* and *Saul G. Goldstein* for appellant. The court at Special Term had jurisdiction to direct the return of the moneys in a summary proceeding. (*Matter of Paschal,* 77 U. S. 483; *Schell* v. *Mayor,* 128 N. Y. 67; *Forstman* v. *Schulting,* 108 N. Y. 110; *Foster* v. *Townshend,* 68 N. Y. 203; *Bowling Green Sav. Bank* v. *Todd,* 52 N. Y. 489; *Matter of Bucken* v. *Busch,* 203 App. Div. 717; *Sherman* v. *Yankee Products Corp.,* 201 App. Div. 647; *Matter of Papa* v. *Rini,* 171 App. Div. 796; 219 N. Y. 575; *Matter of Cartier* v. *Spooner,* 118 App. Div. 342; *Matter of Radley* v. *Gaylor,* 98 App. Div. 158; *Brott* v. *Davidson,* 87 App. Div. 29; *Matter of Day,* 156 App. Div. 864.) Respondents submitted to the jurisdiction of Special Term in the summary proceeding and cannot now complain that such jurisdiction did not lie. (*Barnard* v. *Onderdonk,* 98 N. Y. 158; *Fisher* v. *Hepburn,* 48 N. Y. 41; *Yates* v. *Heath,* 52 Hun, 612; *Matter of Chittenden,* 42 Hun, 659; *Matter of Foster,* 15 Hun, 387; *Matter of Goldin* v. *Duncan,* 216 App. Div. 472; *Scheu* v. *Blum,* 124 App. Div. 678.)

*Robert H. Elder* and *Otho S. Bowling* for respondents. Even if Special Term had the power to revive an incompetency proceeding after the death of the incompetent so as to permit the administratrix to prosecute this appeal, the order directing respondents to refund their fee was properly reversed because the court had no power to make it. (*Hughes* v. *Jones,* 116 N. Y. 67; *Finch* v. *Goldstein,* 245 N. Y. 300; *Matter of Frank,* 283 N. Y. 106.) Even if this could be regarded as a summary proceeding against attorneys, the Special Term had no power to make the

order reversed by the Appellate Division. (*Matter of Rosenberg*, 263 N. Y. 357; *Matter of Minnesota Phonograph Co.*, 148 App. Div. 56; 212 N. Y. 574.) Even if this may be regarded as an attorney's proceeding and one which the court had power to entertain, it had no power to decide it, as it did, on testimony heard in another case, and without a trial. (*Matter of King*, 168 N. Y. 53.)

LEWIS, J. This proceeding was initiated by an order directing the two respondents to show cause why an order of the Supreme Court should not issue requiring them, as attorneys and officers of the court, forthwith to return to the committee of an incompetent person the sum of $3,300.

At the outset it should be stated that, although all papers in the present proceeding bear the caption of an incompetency proceeding, we regard the proceeding here on appeal as summary in character. Although facts are repeatedly mentioned in the numerous affidavits of record which relate to the incompetency proceeding, we treat the appeal as involving a special summary proceeding.

After papers were served by which a proceeding was commenced to declare Edwin J. Long an incompetent person, the alleged incompetent consulted the respondents as attorneys and signed a written memorandum purporting to be his agreement to pay them $5,000 for services to be rendered in that proceeding. The agreed sum, however — according to the written memorandum of retainer dated January 22, 1940 — " does not include any appeal if necessary, or the printing of any minutes on appeal." The respondents concede that, while the incompetency proceeding was pending, sums amounting to $2,500 were paid to them, not as an allowance by the court but in accord with the retainer agreement of January 22, 1940. It also appears that on or about February 26, 1940, the respondents received from the alleged incompetent the additional sum of $800 on a separate retainer which authorized them to prosecute an appeal from an order of Special Term made in the proceeding.

Omitting reference to recitals in affidavits and documents upon which Special Term made its order it is sufficient, as to facts, to set forth the following chronology: An incompetency proceeding was instituted on January 8, 1940, in which, after a jury trial of framed issues, an order was made adjudging Edwin J. Long to be incompetent and appointing Henry A. Cornell as committee of his person and property. Following his qualification the committee made a written demand upon the respondents for the return to him as such committee of the sum of $3,300, which the incompetent had paid to the respondents after the commencement of the incompetency proceeding. When such demand was refused the committee promptly instituted the present summary proceeding by serving an order to show cause dated May 29, 1940, which recited as its basis the affidavits of various persons, " the testimony taken upon the trial of the above proceeding, the exhibits therein and upon all the papers and proceedings heretofore had herein." The respondents interposed affidavits in opposition to the summary relief demanded in the present proceeding and by cross-motion demanded " a trial as to the right to fees or reasonable compensation for the services rendered by them, on behalf of said alleged incompetent, and for disbursements in connection therewith, or, in the alternative, for a reference to determine the reasonableness of the fees for such services as were rendered by them, and for their disbursements incurred    *    *    *."

In the summary proceeding Special Term ruled that the respondents had not acted in good faith in holding themselves out as authorized by the incompetent to represent him and his estate in the incompetency proceeding; that they were not justified in believing Edwin J. Long to be competent to care for himself or his property; that in the incompetency proceeding the opposition was not conducted for the benefit of the incompetent or for the protection of his rights and interests but was primarily for the benefit of the incompetent's chauffeur — " if not indeed for the benefit of the respondents themselves." These and other

reasons stated in the opinion at Special Term were the basis for its order directing the respondents to return to the estate of the incompetent the sum of $3,300. Special Term also denied the respondent's cross-motion for a trial as to their right to fees and reasonable compensation for services rendered in the incompetency proceeding upon the ground that " a trial or reference on the merits of respondents' application would be an unnecessary expense to the estate, as the record in this proceeding, from its. inception in January, including the five-days trial, contains all the facts necessary for its determination."

Upon appeal by the respondents from the order directing them, as attorneys, forthwith to return to the committee of the property of the incompetent the sum of $3,300, the Appellate Division reversed the order of Special Term on the law and denied the committee's application in the present proceeding upon the ground that Special Term was without power summarily to order the return of the moneys paid to them by Edwin L. Long prior to his being adjudicated an incompetent. (261 App. Div. 456.) We reach a different conclusion.

We are not concerned in this summary proceeding with the legal right of the alleged incompetent to deal freely with his own property prior to his being adjudicated incompetent. Our inquiry goes to conduct by the respondent attorneys which is alleged by the petitioner to have been fraudulent. It is not the legal rights of the client as affected by the attorneys' acts, which are the subject of enforcement. Our concern is the alleged misconduct of the attorneys themselves, who are the court's own officers. (*Matter of Papa* v. *Rini*, 171 App. Div. 796, 797; affd., 219 N. Y. 575.)

" A proceeding of this character, to. compel the attorney to pay over money received by him and which belongs to the client, may be entertained and is within the power of the court. The principle upon which this exceptional remedy in such cases is based, is the power which the court has over its own officers to prevent them from, or punish

them for, commiting acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its powers to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer. It has been said that this power should always be exercised with great prudence and caution and a sedulous regard for the rights of the client on the one hand and of the attorney on the other. It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceedings, against its officers, upon the application of the client, and a refusal ‘to proceed in that way is not the denial of any legal right." (*Schell* v. *Mayor*, 128 N. Y. 67, 68, 69; *Bowling Green Sav. Bank* v. *Todd*, 52 N. Y. 489, 493; *Matter ˮof H————*, *an Attorney*, 87 N. Y. 521, 524, 526; *Forstman* v. *Schulting*, 108 N. Y. 110, 113.)

In the present proceeding we think Special Term had power to deal with the problem presented upon the return of the order to show cause. We find the record is such, however, that there can be no proper review of the evidence upon which Special Term based its ruling. The court did not conduct a hearing, nor was a reference ordered. In the opinion by the justice at Special Term the statement is made that the decision rests in part upon evidence taken in the incompetency proceeding. But such evidence is not printed in the record before us. (Cf. *Aron* v. *Aron*, 280 N. Y. 328.) Furthermore, no opportunity was given the respondent attorneys either to call witnesses or to confront and cross-examine the witnesses from whom came

evidence upon which is based the present charge of professional misconduct. Even if it be assumed that there was evidence in the incompetency proceeding, which at the close of the hearing therein was sufficient to warrant the order by which Edwin J. Long was adjudicated incompetent, the question upon that proceeding differed widely from the one which is now the subject of this summary proceeding. Here the chief question is whether the respondents, as attorneys, overreached the alleged incompetent in January and February, 1940, when they procured from him the retainer agreements upon which sums amounting to $3,300 were paid for their services. On that question the record at hand contains only affidavits in which but a part is devoted to that inquiry.

We do not mean to prescribe exact rules of procedure to be followed. In a summary proceeding of this character — where the court exercises an inherent power untrammeled by statutory rules — procedure rests largely in the discretion of the court conducting the inquiry. We merely point out that the respondent attorneys are entitled at least to an opportunity to be heard — to test the basis of the charge against them by cross-examination of witnesses and to offer evidence which may affect the conclusion by the court upon facts of record. (Cf. *Matter of Weitling*, 266 N. Y. 184, 187; *Matter of Heaney* v. *McGoldrick*, 286 N. Y. 38, 44, 45; *Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 177; *Matter of N. Y. Water Service Corp.* v. *Water P. & C. Comm.*, 283 N. Y. 23, 31.)

In a case involving professional misconduct by an attorney, not committed in the presence of the court, it was said: " On the application addressed in the first instance to the court, as the mode of arousing its attention and setting it in motion, affidavits, minutes of testimony, any thing which furnishes needful information, may be used as the basis upon which to found an order to show cause. Upon the return of that order the accused is heard. He may confess, he may explain, he may deny. If he confess, the court may at once render its judgment. If he explain, the court

may deem the explanation sufficient, or the reverse. But if he meets accusation with denial, the issue thus raised is to be tried, summarily it is true, by the court itself, or by a referee, but nevertheless to be tried, and on that trial the accused is not to be buried under affidavits or swamped with hearsay, but is entitled to confront the witnesses, to subject them to cross-examination, and to invoke the protection of wise and settled rules of evidence. In adopting this conclusion we only secure to the members of the bar the common rights and ordinary privileges of the citizen." (*Matter of Eldridge*, 82 N. Y. 161, 167, 168.)

The orders should be reversed and the proceeding remitted to Special Term to proceed in accordance with this opinion, with costs in all courts to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.