TERESA F. EGAN, Appellant, v. LEO McLAUGHLIN et al., Respondents, and PAULA F. GOODMAN, Respondent and Third-Party Plaintiff. DOUGLAS FAULKNER et al., Third-Party Defendants.— In an action to recover possession of a mortgage, to set aside assignments thereof, and for other relief, the appeal is from a judgment, entered after trial, which adjudges (1) that an assignment of said mortgage from appellant to respondent McLaughlin is valid; (2) that the assignment of said mortgage from respondent McLaughlin to respondent Biltmore Estates, Inc., is valid; (3) that the assignment from respondent Biltmore Estates, Inc., to respondent Goodman is valid; (4) that respondents Biltmore Estates, Inc., Goodman and Silber have judgment against the appellant dismissing the amended complaint on the merits; (5) that appellant recover from respondent

McLaughlin $20,145; (6) that respondent McLaughlin recover from appellant $4,226.73 on his first and fifth counterclaims; and (7) that appellant recover from respondent McLaughlin the net amount of $15,918.27. The notice of appeal brings up for review an order denying a motion to set aside the decision and for a new trial. Judgment modified on the law and the facts by striking therefrom the second ordering paragraph and so much of the fifth ordering paragraph as dismisses the amended complaint against respondent Biltmore Estates, Inc., and by adding to the sixth ordering paragraph the words "and defendant Biltmore Estates, Inc.," after the words "defendant Leo McLaughlin" and by adding to said judgment a provision that respondent McLaughlin is summarily directed forthwith to pay the judgment against him. As so modified judgment insofar as appealed from unanimously affirmed, with costs to appellant against respondents McLaughlin and Biltmore Estates, Inc. The findings that respondent McLaughlin was misled and did not exercise fraud and that respondent Biltmore Estates, Inc., was an innocent purchaser for value of the bond and mortgage are reversed and disallowed as against the weight of the evidence, and the following new findings are made: Appellant, a 75-year-old spinster has been a confirmed alcoholic since 1938 to the knowledge of respondent McLaughlin, her attorney since 1925. She kept a rooming house, which she owned until February, 1953 at which time, with foreclosure of an outstanding mortgage being threatened, she sold it. The bulk of the purchase price was represented by a $20,500 bond and mortgage, payable in quarterly installments. It was her sole asset. Between the time of this sale and May, 1954 when she was admitted to a home for indigent aged persons, she was a regular inmate of camps for treatment of alcoholics and of hospitals. On July 23, 1953 at the instance of McLaughlin, she executed an assignment to him of her mortgage, which he asserts was a gift. He knew that she had nothing else. Despite the purported gift he prepared for her, and she executed, a will in which McLaughlin was bequeathed $5,000. Thereafter and in August, 1953 McLaughlin opened a bank account in her name with a mortgage installment he received. He paid appellant the installment received in November, 1953 although in that month he recorded the assignment to him of the mortgage and prepared and supervised execution by appellant of another will in which he was also bequeathed $5,000. The mortgage installment of February, 1954 was retained by McLaughlin. In that month McLaughlin's wholly-owned corporation, respondent Biltmore Estates, Inc., to which McLaughlin had assigned the mortgage without consideration, assigned the mortgage to respondent Goodman as security for a loan made to McLaughlin. McLaughlin claims to have paid appellant the May, 1954 installment. He retained the August, 1954 installment. On appellant's demand for this installment and for her mortgage papers, he gave her $337.50 and a bill for services. McLaughlin's claim that the assignment to him was a gift is against the weight of the evidence. No more than the indicia of title was conferred upon him. His conduct requires summary direction to him to pay to appellant the sum awarded to her by the judgment (*Matter of Long*, 287 N. Y. 449). Appeal from order dismissed, without costs. In her brief, appellant asks only that certain portions of the judgment be reversed or modified and states that a new trial is unnecessary. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.