Leroy J. **BLACKWELDER**, Appellant,

v.

Linton M. **COLLINS**, Collector of the Estate of Frederick A. Sterling, Deceased, Appellee.

P. David **STERLING**, Appellant,

v.

Linton M. **COLLINS**, Collector of the Estate of Frederick A. Sterling, Deceased, Appellee.

Nos. 13752, 13972, 13753, 13973.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 5, 1957.

Decided Feb. 20, 1958.

Mr. Mark P. Friedlander, Washington, D. C., with whom Mr. Samuel L. Mensh, Washington, D. C., was on the brief, for appellants.

Mr. Justin L. Edgerton, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

 These cases involve a family dispute over the assets of Frederick A. Sterling, the details of which need not be recited here. In Nos. 13,752 and 13,753, the controversy turns on a power of attorney given by Frederick A. Sterling on August 10, 1956, to appellant P. David Sterling. The District Court found that Frederick A. Sterling was on that date not mentally competent to execute the power of attorney. On the basis of that finding, which we cannot say on the record before us is clearly erroneous, we affirm the judgments in No. 13,752 and No. 13,753, both entered on January 9, 1957.

 In the contempt cases, Nos. 13,-972 and 13,973, both orders directed imprisonment for failure to pay to the conservator of the property of Frederick A. Sterling, or into the registry of the court, "the sum of $57,009.62," as directed in the judgments (here affirmed) in Nos. 13,752 and 13,753. Those judgments do not require the payment of any specifically identified or identifiable money, and would be satisfied by the payment of the amount in legal tender from any source. Section 11–326 of the District of Columbia Code forbids imprisonment for contempt of a decree which "only directs the payment of money" except in cases where imprisonment is "especially provided for." Cf. Lundregan v. Lundregan, 102 U.S.App. D.C. ——, 252 F.2d 823 (1958). Appellees point to no statute providing for imprisonment in circumstances like the present. In No. 13,972 the part of the order adjudicating appellant Blackwelder in contempt for not paying the sum of $57,009.62 is affirmed, but to the extent that the order directs his imprisonment it must be reversed for the reason just given. Our reversal is without prejudice to an application, upon proper showing, to amend the judgment entered January 9, 1957, in No. 13,752, so as to direct the return of specific money or other property in the possession of Blackwelder and belonging to the estate, and without prejudice to an application for a contempt order directing his imprisonment in the event of failure to obey.

 In No. 13,973, we think that not only does Section 11–326 bar imprisonment of P. David Sterling under the contempt order entered against him,[1] but that it was unwarranted in the circumstances to adjudge him in contempt. The record shows that he does not have possession or control of the money received from sale of the estate's stocks; that the conservator has attached his interest in certain other property which, when liquidated, will satisfy the money judgment against him in substantial part and probably in full; and that he has no other known assets. The contempt order in No. 13,973 will be reversed.

So ordered.

1. The judgment entered January 9, 1957, against P. David Sterling in No. 13,753, unlike the judgment of the same date against Blackwelder, directed not only the payment of $57,009.62 but also the delivery to the conservator of the contents of a safe deposit box not theretofore delivered. However, the contempt order now before us is based only on the failure to pay the sum of money.