### In re E. Lewis FERRELL and Ned A. Perry, Appellants.

### No. 2810.

Municipal Court of Appeals for the District of Columbia.

Argued May 29, 1961.

Decided July 5, 1961.

Henry Lincoln Johnson, Jr., Washington, D. C., with whom Thurman L. Dodson,

---

Washington, D. C., was on the brief, for appellants.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Two lawyers appeal from an order holding them in contempt for failure to pay to their opponent in a divorce case counsel fees which the court found had been entrusted to them for that purpose.

Messrs. Ferrell and Perry filed in behalf of their client Deloris Gross a suit for absolute divorce on the ground that her husband had been convicted of a felony involving moral turpitude. Code 1951, § 16–403. As required by statute the trial court appointed an attorney, Paul L. Sweeny, to represent the husband. Code 1951, § 16–418. After taking testimony the trial court dismissed the action for want of jurisdiction and for lack of proof, and ordered that plaintiff wife pay an attorney's fee of $75 to Mr. Sweeny. Some months later Mr. Sweeny took steps against Mrs. Gross to enforce payment of the fee, and she reported to the court that she had entrusted the money for that purpose to her lawyers, Messrs. Ferrell and Perry. The court issued a rule to show cause directed to the plaintiff as well as to her two attorneys, and held a hearing thereon.

Plaintiff testified she had turned the money over to her attorneys for payment to Sweeny, and had also paid them an agreed fee for their services. Petitioners denied that this was the arrangement, and said all moneys paid them by Mrs. Gross were to cover their own fee and that she was to be responsible for paying Sweeny. The trial judge resolved this conflict in favor of Mrs. Gross and ordered the two lawyers to pay the $75 to Sweeny. He gave them an opportunity to purge themselves of the contempt by complying with the order. This they failed to do, and have brought the decision here for review.

We first consider the contention that the trial court had no authority to award counsel fees because the divorce case was ultimately dismissed. The dismissal, as we have seen, was for lack of jurisdiction and lack of proof. The statute requires the appointment of counsel in all uncontested divorce cases. Code 1951, § 16–418. And we know of no decision holding that fees may not be awarded when an action is decided against a plaintiff. The parties and the subject matter being before the trial court, it had the right to make an award of counsel fees.

The basic question is whether under the particular facts of this case the court could properly invoke its contempt powers in requiring the two attorneys to pay over the particular fund. They cite Code 1951, § 11–326 in support of their argument that one may not be imprisoned for merely failing to pay money. That statute has no application here. Here the court was dealing with a specific fund which had been entrusted to the attorneys for the specific purpose of disbursing it in accordance with a court order. This was not a case involving general funds available for discharging a debt or obligation. This was a case of a specifically identifiable fund, received from a specific source, pursuant to a court order, for a specific purpose. This was not a decree for payment of money in the ordinary sense; it required performance of a court order for the payment of a fund in specie, rather than mere payment of a debt. Refusal to comply with such an order constituted a contempt of court.[1]

1. Ex parte Morris and Johnson, 9 Wall. 605, 76 U.S. 605, 19 L.Ed. 799; Watkins v. Rives, 75 U.S.App.D.C. 109, 125 F.2d 33; Zeitinger v. Mitchell, Mo., 244 S.W. 2d 91; Oesterreicher v. Oesterreicher, Sup.Ct., 70 N.Y.S.2d 647; Mendelsohn v. Rosenberg, 248 App.Div. 743, 288 N.Y.S. 792, appeal dismissed, 273 N.Y. 385, 7 N.E.2d 274; Smith v. Boomhower, 251 Mich. 126, 230 N.W. 905; 17 C.J.S. Con-

Dealing specifically with the kind of situation we have here, it has been held in this jurisdiction and elsewhere that in the exercise of its common-law jurisdiction a court may proceed against an attorney to compel payment of money belonging to his client, and that the fact that the client may also have a legal remedy does not affect the summary jurisdiction of the court over the attorney under such circumstances.[2]

We cannot approve appellants' theory that the Domestic Relations Branch should have rejected jurisdiction of this matter and required plaintiff to sue her attorneys in a separate law action.

Affirmed.

tempt § 13. See also Blackwelder v. Collins, 102 U.S.App.D.C. 290, 252 F.2d 854; Edwin v. Edwin, 304 Ill.App. 588, 26 N.E.2d 660.

2. Diggs v. Thurston, 39 App.D.C. 267; 5 Am.Jur., Attorneys at Law, Sec. 143; 7 C.J.S. Attorney and Client § 159; Akers v. Akers, 233 Minn. 133, 46 N.W.2d 87; Re Long, 287 N.Y. 449, 40 N.E.2d 247, 141 A.L.R. 651.