■ THOMAS MURPHY, Appellant, v. VALERAY REAL ESTATE COMPANY, INC., Defendant-Respondent and Third-Party Plaintiff. PERKIOMEN TRANSFER, INC., Third-Party Defendant-Respondent.— Order, entered January 21, 1963, denying plaintiff's motion for reconsideration of an order revoking his preference under former subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules, now Special Rule of the Appellate Division, First Department, regulating the granting of preferences in actions for personal injuries, effective March 1, 1962, unanimously reversed, on the law and on the facts, without costs, and the motion granted. A preference once granted should not be revoked unless facts elicited at a pretrial conference satisfactorily show that the preference should not be continued and a record is made at the conference of the facts upon which the Justice relied in revoking the preference. There is no such record before us in this case. (*Lee* v. *Lehrer*, 3 A D 2d 702.) In the circumstances it was an unwise exercise of discretion to deny the motion for reconsideration. (*Sulahian* v. *City of New York*, 19 A D 2d 522.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of ARNOLD MALKAN, Appellant, v. SAUL FRIEDBERG, Respondent.— Order, entered on February 7, 1963, unanimously modified, on the law and on the facts and in the exercise of discretion, without costs, to the extent of remanding the proceeding to Special Term to try the issues raised either by the court or a court-employed Special Referee. In this summary proceeding the petitioner seeks an order directing respondent, an attorney, to pay over the proceeds retained resulting from a stock sale. The respondent asserts that a part of the proceeds represents a legal fee and a part represents a half of his interest in certain stocks. It is undisputed that the proceeds of the sale here involved were payable to the respondent as attorney and are presently retained by him in an attorney's account. Issues are presented as to the relationship of the parties, as well as to the ownership and disposition of the fund. In these circumstances, and in view of the fact that the immediate dispute arose out of the respondent's claim of having performed legal services, the court may exercise its summary power to determine if the funds are being wrongfully retained. (*Matter of Long*, 287 N. Y. 449.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.