■ AUTOMATIC BEDDING CORP. et al., Plaintiffs, v. ARTHUR J. ORTNER et al., Respondents, et al., Defendants. BOOTH, LIPTON & LIPTON, Appellants. — In a contract action, in which the law firm of Booth, Lipton & Lipton was relieved as attorneys for the respondents and in which said law firm made an application to fix their fees for services rendered to the respondents, the

members of said law firm appeal from (1) an order of the Supreme Court, Kings County, entered July 27, 1964, adjudging them to be entitled to no fees for such services; and (2) an order of said court, entered October 19, 1964, which upon reargument, adhered to the court's original decision. Appeal from order entered July 27, 1964 dismissed, without costs; that order was superseded by the later order granting reargument. Order entered October 19, 1964 affirmed, without costs. The parties chose to submit the issues of the reasonable value of the services rendered and the right of the appellants to compensation to the court largely on affidavits. Ordinarily, the issues should be resolved after a hearing in which sworn testimony and other evidence is received, subject to cross-examination (*Matter of Weitling,* 266 N. Y. 184; *Matter of Long,* 287 N. Y. 449). Nevertheless, appellants acquiesced in the procedure adopted, and cannot be heard to complain now (Cf. *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87; *Lidsky* v. *Klein,* 18 A D 2d 666). We have examined the other points raised by the appellants and conclude that the determination of the court below that the undisclosed conflict of interest between the respondents and the appellants prevents the recovery of compensation for the services rendered is based on sufficient evidence (*Matter of Clarke,* 12 N Y 2d 183; *Smallwood* v. *Overseas Storage Co.,* 263 App. Div. 609, 612). Christ, Acting P. J., Brennan, Hill and Hopkins, JJ., concur; Rabin, J., dissents, and votes to remand the application to Special Term for an adversary proceeding. The present conclusion of appellants' so-called misconduct, upon the sole basis of conflicting affidavits, should not be finalized, without an opportunity to them to repel the charges and findings and to cross-examine. The stigma of misconduct should not be predicated upon a situation where the accused attorneys are in effect deprived of an opportunity to explain. The fact that the Justice at Special Term originally set the matter down for fixation of fees shows that presumptively he believed appellants were entitled to compensation.