**Robert E. BROOKS, Plaintiff,**

v.

**MARYVILLE LOAN AND FINANCE COMPANY, d/b/a Legal Finance Company, Defendant.**

**Civ. A. No. C75–674A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 29, 1983.

N. David Buffington, Brunswick, Ga., for plaintiff.

David G. Crockett, Atlanta, Ga., for defendant.

## ORDER OF THE COURT

FORRESTER, District Judge.

This Truth in Lending case is before the court on a motion for restitution of money paid in satisfaction of a judgment of this district court. The money was paid by the defendant before the appeal, and now the decision in the plaintiff's favor has been reversed. 679 F.2d 837 (5th Cir.1982).

Defendant's motion for restitution was filed on November 29, 1982. Attached to it was a certificate of service. At that time Mr. Ralph Goldberg, Esq., was attorney of record in the case. On April 6, 1983 this court issued an order directed to N. David Buffington, Esq., who once represented the plaintiff in this case, directing that he show cause why the defendant's motion should not be granted. Buffington was directed to show cause because the pleading filed by the defendant indicated that he had received the money on the judgment. In a pleading signed by him, David G. Crockett, counsel for the defendant, shows the court that he mailed a copy of the motion properly addressed with sufficient postage at-

tached to Mr. Buffington at his current address, and, further, counsel shows that the letter was returned opened but with the contents intact with the word "Unclaimed" checked by the post office on the face of the envelope.

On April 18, 1983 Mr. Buffington responded to the court's order to show cause. In this pleading styled "Motion for Reconsideration," Mr. Buffington represents to the court that he has never seen the motion and has no knowledge of it. Further, he says that the defendant should be directed to serve copies of the motion and any attachments on him and, further, in an attached affidavit stated that the major portion of the $1,000 in attorney's fees that he collected was paid by him to James H. Morawetz, Esq., the original plaintiff's attorney in the case. In his pleading Mr. Buffington asks that Mr. Morawetz also be served with defendant's motion.

On June 23, 1983 this court ordered Mr. Buffington to pay the defendant the amount of money he received for fees and costs unless within 30 days he shows why repayment would be inequitable. Further, the court gave Mr. Buffington an opportunity to bring in Mr. Morawetz provided he did so within the time allowed in the order.

On August 3, 1983 Mr. Buffington filed a pleading entitled "Plaintiff's Response to Court's Order of June 28, 1983." Therein he continues to complain that he has not been served with a copy of defendant's motion. Buffington also contends therein that it would be inequitable to allow the restitution in this case, and, further, he avers that Mr. Morawetz is an indispensable party.

The issues presented will be considered *seriatim.*

Rule 5 of the Federal Rules of Civil Procedure allows for service by mail and states that service by mail is complete upon mailing. Counsel for the defendant met his obligation. Why counsel for the plaintiff chose to accept delivery of the court's show cause order sent to the same address while refusing delivery of defendant's mo-

tion is unknown. The important point for the court, however, is that by the court's order counsel for the defendant has actual notice of the motion, and the court judicially notes that counsel for the plaintiff could have obtained a copy of it from the clerk of this district court at any time.

The court is of the opinion that Mr. Morawetz is not an indispensable party. To be sure, he may be liable to the defendant if he received a portion of an erroneous judgment through another who took under the judgment. *In Re Morris*, 9 Wall. (76 U.S.) 605, 19 L.Ed. 799 (1869). The court can accord complete relief among the parties to the lawsuit without Morawetz' presence. Mr. Buffington will not be subject to double liability, and Mr. Morawetz' ability to protect his interest is not affected. There are two issues, as the court sees it, for determination. The first is to discover who obtained the money from the judgment. Mr. Buffington's affidavit established that he did. The court does not feel that the burden should be upon the defendant to trace the funds past the recipient. The second issue is whether or not the defendant should have at the time of the entry of judgment protected itself by posting a supersedeas bond so that it would be unnecessary to pay the full amount of the judgment. Mr. Morawetz' presence or absence from the suit has no bearing on the decision of these two issues. Further, the court notes that it has given Mr. Buffington an opportunity to seek contribution from Mr. Morawetz, and he has declined to avail himself of that opportunity. Accordingly, the court is of the opinion that it may proceed to a disposition of the matter without Mr. Morawetz.

As noted above, there are only two issues for the court to decide. The first is the identity of the recipient of the funds paid pursuant to the reversed judgment. That is Mr. Buffington. The second is to decide whether equitable considerations counsel that restitution not be ordered in this case. The position that Mr. Buffington takes on the equitable consideration has some facile appeal. He contends that

the defendant could have avoided the necessity of this restitution proceeding by filing a supersedeas bond under Rule 62(b), Fed.R.Civ.P. He is correct in urging that utilization of this procedure would have prevented any subsequent painful disgorging of the money which he has had and received. His position would give the courts a bright line rule for deciding restitution applications. The mischief of that procedure is that it would discourage losing parties from letting prevailing parties have the use of their recovery early on, and this is not a salutary result. Further, for all intents and purposes, it makes the bond premium for the supersedeas bond a de facto condition precedent to an appeal. In this respect it has the effect of increasing the cost of obtaining justice. The ultimate equity in this case is controlled by the traditional notions of money had and received. At the time the judgment was paid to Mr. Buffington, he was in possession of a notice of appeal and a bond for costs. He had every reason to believe the case was going up. If he distributed the money or spent it, he did so at his peril with full knowledge that the case was not over. That the defendant did not also file a supersedeas bond is no reason to allow a windfall.

## CONCLUSION

For the reasons given herein, N. David Buffington is ORDERED to pay to the defendant the amount he received from them together with costs and interest computed according to law from August 23, 1978.