### St. Louis Southwestern Railway Company of Texas v. Noah Swinney.

#### Decided January 9, 1904.

**1.—Disqualification of Judge—Special Term—Election by Bar.**

Where, at the time duly appointed for holding a special term of the district court, the regular judge is absent holding court in another county of the district, the election of a special judge is authorized and valid. Following Railway Co. v. Huff, 2 Texas Law Journal, 438.

**2.—Negligence of Stranger Concurring With That of Fellow Servant.**

Although the negligence of a fellow servant contributes to an injury, the proximate cause of which was the negligence of a stranger, the latter is nevertheless liable therefor as a joint wrongdoer.

Appeal from the District Court of Hunt. Tried below before Hon. T. D. Montrose, Special Judge.

*E. B. Perkins* and *Crosby & Dinsmore,* for appellant.

*Yates & Carpenter,* for appellee.

TALBOT, Associate Justice.—Swinney was a fireman on a locomotive drawing a freight train of the Sherman, Shreveport & Southern Railway, and on the 24th day of September, 1900, while in the discharge of his duties, the engine and train on which he was at work collided with an engine and freight train operated by appellant at the intersection and crossing of appellant's railroad and the road of the said Sherman, Shreveport & Southern Railway, in the city of Greenville. By reason of the collision the engine of the Sherman, Shreveport & Southern Railway was overturned and appellee thereby injured. The proximate cause of the collision and appellee's injury was the negligence of the employes of appellant in charge of its said train in the respects alleged by appellee, and the evidence tends to show that said collision and injury were contributed to by the negligence of the engineer operating the engine which appellee was firing. Appellee was not guilty of contributory negligence, and the verdict is warranted by the evidence. This suit was brought on June 29, 1902, against appellant to recover damages for the injury sustained, and resulted in a verdict and judgment for appellee in the sum of $650.

Appellant complains in its first assignment of error in being required to go into trial at a special term of the court and before a special judge, elected by the practicing attorneys. The special terms had been regularly ordered, but on the day appointed for it to begin the regular judge of the district was absent holding a term of his court in another county of the district. The contention, in effect, is that when a special term of the court is called and the regular judge is not present on the day when the term is to begin, but is away holding a regular term of his court in some other county of his district, the election of a special judge to preside at the special term is unauthorized and void. This court

had occasion very recently to pass upon this question in the case of the Missouri K. & T. Ry. Co. v. Huff, 2 Texas Law Journal, 438, and there decided against the position assumed by appellant in this case   The reasons for our holding are sufficiently given in the case of Huff, supra, and it is unnecessary that we add anything to the discussion of that proposition.   See also, Munzesheimer v. Fairbanks, 82 Texas, 351.

The only remaining question is, can the negligence of the engineer in charge of the engine which appellee was assisting to operate in the capacity of fireman at the time he was injured, which contributed to the collision and his injury, be imputed to appellee and preclude a recovery, he being free from negligence himself.   The question was raised in the trial court by special charges requested by appellant, which were refused, and is presented in this court by proper assignments of error.

The doctrine is well recognized that a servant injured by the concurrent negligence of his master and a fellow servant, can recover against the master.   This, it is said, is because the master in such case would be one of two joint wrongdoers or tort feasors, and as such would be responsible to the servant.   The negligence of the fellow servant will not be imputed to the servant injured and thus relieve the master from liability.   Having been injured by the combined negligence of the master and his fellow servant, the injured party may have his action against either or both.   It is held that the principle applies to a stranger with much stronger reason.   The case of Fort Worth & D. C. Ry. Co. v. Mackney, 83 Texas, 410, 18 S. W. Rep., 952, is in point.   In that case Judge Collard, speaking for the court, said: "The servant contracts with the master, and it is for him alone that he assumes the risks of his fellow servants' negligence.   The master himself would be liable in the place of the stranger, and by a much stronger reason the stranger would be.   There is no express or implied contract with the stranger to assume any risks on his account."   Railway Co. v. Chambers, 68 Fed. Rep., 148; Perry v. Lansing, 17 Hun, 34; Railway Co. v. Cummins, 106 U. S., 700; Gray v. Philadelphia & R. Ry. Co., 22 Am. and Eng. Ry. Cas., 351.   In the case of Gray v. Philadelphia & R. Ry. Co., supra, the precise question involved in the case we are considering was before the court, and the defendant requested the court to instruct the jury, "that plaintiff, being a fellow servant with the engineer of the Lehigh Valley Company and being engaged in a joint interprise with him, could not recover, if they found that the engineer's negligence contributed to the collision."   The court in discussing the proposition said:   "Although the plaintiff was a fellow servant of the engineer he was a subordinate, and had no control over the movements of the locomotive.   If he was not guilty of any personal negligence and did not countenance the negligent conduct of his fellow servant, upon reason and according to the weight of authority he ought not to be precluded from a recovery against the defendant."   It follows that, although the negligence of a fellow servant contributes to an injury, the proximate

cause of which was the negligence of a stranger, the same is no defense to the latter. This doctrine is supported by reason and authority, and is in accord with our views upon the subject. There is no error assigned to the court's charge as actually given in this case. And while adhering to the principles of law enunciated in the authorities referred to, the court guarded the rights of appellant by instructing the jury that appellee could not recover if guilty of negligence himself, contributing to his injury, or if he acquiesced or participated in the negligence of his engineer. There was no error in the action of the court below in the respects complained of; the verdict is justified and supported by the evidence, and the judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.