INTERNATIONAL & G. N. R. CO. v. SCHUBERT.

(Court of Civil Appeals of Texas. Austin. April 10, 1912. Rehearing Denied May 8, 1912.)

1. MASTER AND SERVANT (§ 201*)—INTERVENING NEGLIGENCE.

In an action for death of a car repairer caused by movement of a car under which he was working, without warning to him, based on defendant company's negligent failure to furnish flags to protect him, negligence of his helper in failing to maintain a lookout as he had been directed by decedent was not such intervening negligence as precludes recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*]

2. MASTER AND SERVANT (§ 289*)—RAILROAD—DEATH OF CAR REPAIRER — JURY QUESTIONS—CONTRIBUTORY NEGLIGENCE.

In an action for death of a railway car repairer caused by movement of a car under which he was working, whether he was guilty

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

of contributory negligence *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1090, 1092–1132; Dec. Dig. § 289.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by Henry Schubert against the International & Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 130 S. W. 708.

Fisher & Fisher, of Austin, and Jno. M. King, of Houston, for appellant. John Lovejoy and J. W. Parker, both of Houston, for appellee.

RICE, J. This appeal is from a judgment in favor of appellee, who was a car repairer in the service of appellant, and who was injured on the 30th of January, 1907, while repairing a car in appellant's yards at Taylor, and brought this action to recover damages therefor, alleging various acts of negligence on the part of the company as the cause thereof; among others, its failure to furnish flags by which he could have safeguarded and protected himself from danger while at his work.

Appellant contends that he was guilty of contributory negligence in going under the cars, with a knowledge of the danger, without flags; and, further, that its failure to furnish such flags, if it so failed, was not the proximate cause of the injury, but that defendant was in fact injured on account of the failure of one Strolle, his helper, to warn him of the approach of the cars, and that such failure on the part of Strolle was the proximate cause of the injury; and, as the case was submitted to the jury upon this issue alone, it is unnecessary to enumerate the others, but for a fuller statement of the pleadings, as well as the facts, reference is here made to the opinion of this court on the former appeal of this case, reported in 130 S. W. 708.

The facts disclose that at the time of the injury appellee was a car repairer in the service of appellant; that he was injured while at work repairing one of the company's cars in the yards at Taylor. At this point appellant had a track known as a "rip" track, upon which most of the heavy repairing was done, which track was guarded by a metal flag; but slight repairs were also made upon what was called the "transfer" track, upon which it delivered cars to the "Katy" Railway, and upon which track each day cars were being frequently moved. On the evening in question appellee was directed by the chief inspector to repair one of three cars standing on said transfer track, which he proceeded to do, in connection with his assistant, Strolle. It appears from the evidence that the company had adopted a rule, custom, or usage requiring its employés, before undertaking to do any work underneath its cars on said track, to display a red flag in the drawhead at each end of the car or string of cars, which was considered the best safeguard against danger; but we find that appellee, while realizing that flags afforded such protection, was not apprised of this rule, and was not furnished by the company with any such flags for said purpose, and that, so far as he knew, the company had no such flags in use at said time. These repairs could have been performed in from 10 to 15 minutes. Before beginning the work, appreciating the danger incident to it, he directed Strolle, his helper, to watch out for approaching cars. But, while engaged in work underneath the car, without any warning a switch engine with several cars attached collided with the string of cars under which he was working, causing the latter to run over and mash off his foot, it appearing that Strolle, who had agreed so to do, had failed to keep a lookout for said cars or notify him of the danger.

[1] Upon the conclusion of the evidence, appellant moved the court to instruct a verdict in its behalf, which motion was refused, and this action of the court is now assigned as error, on the ground that the undisputed evidence disclosed that the failure or refusal, if any, of the defendant to furnish plaintiff with flags had nothing to do with the injury received by him, but that the failure of Strolle, his fellow servant, to maintain a lookout and warn him of the approaching cars, as a matter of law, was the proximate cause of the injury, for which reason plaintiff was not entitled to recover, and this failure on the part of the court is now urged as the chief reason for a reversal of the judgment in behalf of plaintiff. We think that the negligence of Strolle, at best, could be regarded as only a concurrent cause of the injury. This being true, plaintiff would be entitled to recover against the company. It is said in 29 Cyc. p. 487: "If the concurrent negligence of two or more persons combined together results in an injury to a third person, he may recover from either or all. And in determining the liability of either of two persons whose concurrent negligence results in injury the comparative degrees of negligence are not to be considered, each being liable for the whole, even though the other was equally culpable or contributed in a greater degree to the injury or the proportion in which the negligence of each contributed to the injury, or the degrees of care used, is not to be considered." See Id. p. 496; G. Rosenbaum Grain Co. v. Mitchell, 142 S. W. 121, and cases there cited. See, also, 1 Bailey on Master and Servant, §§ 982, 987, 988.

We do not think that the negligence of Strolle was the proximate cause of the injury within the rule of an intervening effi-

cient cause. Such failure on his part did not and could not break the causal connection between the negligent failure on the part of appellant to furnish the flags and the actual. It is said in 29 Cyc. p. 499h, with reference to this matter: "The mere circumstance that there have intervened between the wrongful cause and the injurious consequence acts produced by the volition of animals or persons does not necessarily make the result so remote that no action can be maintained. The test is not to be found in the number of intervening events or agencies, but in their character and in the natural connection between the wrong done and the injurious consequence, and, if such result is attributable to the original negligence as a result which might reasonably have been foreseen as probable, the liability continues. But an intervening cause will be regarded as the proximate cause, and the first cause as too remote where the chain of events is so broken that they become independent, and the result cannot be said to be the natural and probable consequence of the primary cause. The law will not look back from the injurious consequences beyond the last efficient cause, especially where an intelligent and responsible human being has intervened. But an intervening cause will not relieve from liability where the prior negligence was the efficient cause of the injury. An intervening efficient cause is a new and independent force, which breaks the causal connection between the original wrong and the injury. Such new force must be sufficient itself to stand as the cause of the injury, and be one but for which the injury would not have occurred." In what sense can it be said that the failure on the part of Strolle to give the warning broke the causal connection between the injury and the failure on the part of the defendant to furnish flags for plaintiff's protection? If it could be held that, notwithstanding such failure, Strolle was guilty of some affirmative act or omission which, independent of the original wrongful act, caused the injury, then we think it could be properly said that his negligence might be regarded as the proximate cause. Such, for instance, as if the Railway Company had left a car improperly guarded or brake improperly set, and it thereafter became the duty of the plaintiff to repair the car, and while at work thereunder his helper had negligently released the brake, starting the car in motion, whereby the plaintiff was injured, his act might be regarded as an intervening, independent cause, notwithstanding the original negligence of the defendant, and but for which intervening cause the injury would not have happened. But in the present case Strolle did no act and omitted nothing which set in motion the agency inflicting the injury, but merely failed to give the warning of an impending danger, brought on by the original wrongful act of appellant, for which reason we think it cannot be properly said that his failure was an intervening, independent cause, breaking the causal connection between the wrongful act and the injury. But it is also contended on the part of appellant that, having selected his own medium of protection, the negligence of such independent agency must be imputed to him and regarded as his own negligence, barring his right of recovery. A question similar to this was discussed at length by Mr. Chief Justice Wilson in Rosenbaum Grain Co. v. Mitchell, supra, which in it facts resembled this case, and the authorities pro and con were fully reviewed, and in which he demonstrates, we think, that the rule contended for is not applicable here, because there was no joint enterprise or undertaking between plaintiff and Strolle that would establish such agency between the two that the act of one could bind the other, and that the negligence of Strolle could be imputed to the plaintiff. It is said in 29 Cyc. p. 542c, that: "In order that the concurrent negligence of a third person can be interposed to shield another, whose negligence has caused an injury to one who was without fault, the injured person and the one whose negligence contributed to the injury must have sustained such a relation to each other in respect to the matter then in progress that, in contemplation of law, the negligent act of the third person was upon the principle of agency or co-operation in the common or joint enterprise the act of the person injured, or the relation between the person injured and the one whose negligence contributed to the injury must have been such that the latter was bound to care for and protect the former." The same author further says (page 543, same volume): "To constitute a common or joint purpose within the rule as to imputed negligence, there must be a joint interest or community of interest in the object or purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. Each must have some voice and right to be heard in its control and management. Thus a master and servant cannot be said to be engaged in a joint enterprise." It is said in 2 Labatt on Master and Servant, § 482, that: "The right of action in cases where the action is brought against a stranger, and the defense is that the injury was partly caused by the negligence of the plaintiff's own fellow servant, is usually discussed with reference to the doctrine of imputed negligence; the accepted theory of late years being that the defense in question is not a bar to the action, for the reason that the negligent servant is not the agent of the injured servant in such a sense that the latter can be made responsible for the defaults of the former."

It appears that the doctrine of imputed negligence is not ordinarily favored, and, un-

less the facts bring the case both within the reason and the spirit of the rule, the doctrine is not usually applied. In the case of St. Louis S. W. Ry. Co. of Texas v. Swinney, 34 Tex. Civ. App. 219, 78 S. W. 547, it is said: "The only remaining question is, Can the negligence of the engineer in charge of the engine which appellee was assisting to operate in the capacity of fireman at the time he was injured, which contributed to the collision and his injury, be imputed to appellee and preclude a recovery, he being free from negligence himself? The question was raised in the trial court by special charges requested by appellant, which were refused, and is presented in this court by proper assignments of error. The doctrine is well recognized that a servant injured by the concurrent negligence of his master and a fellow servant can recover against the master. This, it is said, is because the master in such case would be one of two joint wrongdoers or tort-feasors, and as such would be responsible to the servant. The negligence of the fellow servant will not be imputed to the servant injured, and thus relieve the master from liability. Having been injured by the combined negligence of the master and his fellow servant, the injured party may have his action against either or both"—citing cases in support of the doctrine. Where the rule of imputed negligence has been applied, it will be observed that the parties were engaged in some voluntary joint enterprise or undertaking, in which the act of the one was for the advantage or benefit of all, and where the negligence of the one, resulting in injury to the other, was imputed to him, and thereby barred a recovery. Should this harsh doctrine be so extended as to apply to the case at bar? We think not. In the first place, the plaintiff and Strolle had not voluntarily engaged in any joint undertaking or enterprise for their common advantage and benefit, but each had been sent out to discharge a duty, in the performance of which, on account of the negligence of the employer, it was deemed advisable for Strolle to keep a watchout for the protection of the plaintiff who was undertaking to do the work, which arrangement was made necessary by reason of the negligent omission or failure of the employer to furnish them with flags; can the failure therefore on the part of Strolle to keep a watch, under the circumstances, be imputed to his innocent co-worker so as to prevent his recovery for an injury occasioned by the wrongful act of the appellant, which was in no way influenced or controlled by the negligence of Strolle? We think not.

[2] It was further contended on the part of appellant that the plaintiff was guilty of contributory negligence as matter of law, and that the court therefore erred in submitting this issue for the determination of the jury. We are not prepared to agree with appellant in this insistence, because the evidence shows that work similar to the kind in which he was engaged had previously been done by him and other employés of appellant on this transfer track without the use of flags, and where similar means were adopted to prevent injury as in the instant case; for which reason we think the question of whether he was guilty of contributory negligence was one of fact for the consideration of the jury.

We do not consider it necessary to discuss seriatim the other assignments presented, but deem it sufficient to say that they have had careful consideration, and are regarded without merit.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.