## LONGORIA v. LONGORIA.

No. 12692.

Court of Civil Appeals of Texas.

San Antonio.

March 31, 1954.

Rehearing Denied April 28, 1954.

See also, 251 S.W.2d 939.

Charles G. Lyman, Corpus Christi, A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, for appellant.

Gerald Weatherly, Falfurrias, Sawnie B. Smith, Edinburg, John A. Pope, Jr., Rio Grande City, for appellee.

**PER CURIAM.**

This is an election contest and the appeal concerns the validity of the election of a special judge under the provisions of Articles 1887, 1888, 1889, 1890 and 1891, Vernon's Ann.Civ.Stats. The parties are rival claimants to the office of County Commissioner of Precinct No. 3, Starr County. The Special Judge, after hearing full evidence, declared the contestant, Armando Longoria, to be the duly elected County Commissioner. The contestee and his attorneys were not present at the election of the special judge nor the trial, but they timely filed a motion for new trial and a motion to disqualify the special judge, both of which the special judge heard and overruled.

Appellant contends that the election proceedings were void, because the district judge did not "fail or refuse to hold the court" in Starr County, within the meaning of Article 1887. Starr County is one of the four counties in the 79th Judicial District, and that district has continuous terms of court, that is, successive terms, without more than two days intervening between the end of one term and the commencement of another. Terms, consequently, run concurrently throughout all the counties in the district. Article 199, § 79, Vernon's Ann. Civ.Stats. This election contest was filed shortly after the General Election in November, 1952. It has been repeatedly set and re-set. It was set for trial in June of 1953, and was then postponed until July 30th, at which time a special session of the court had been called by the regular district judge of the district for the purpose of disposing of this contest and several other cases pending on the docket in Starr County.

On the afternoon of July 29, 1953, the regular judge phoned the district clerk and the attorneys for the respective parties, stating that he would be unable to attend court in Starr County on July 30th, and that he did not know on what date he would be able to dispose of the case. There was no postponement to any future date. Contestant's attorneys alerted a number of at-

torneys residing in Hidalgo County who customarily practice law in Starr County, and asked them to be present on the morning of July 30th for the purpose of electing a special judge. On the morning of July 30th, lawyers from both Hidalgo and Starr Counties were present in the court room, and in the absence of the district judge they proceeded to elect Royce A. Oxford, Esq., as special judge.

In order to properly co-ordinate and dispose of the business of the 79th District, the statute provides:

"The Judge of said Court in his discretion may hold as many sessions of Court in any term of the Court in any county as is deemed by him proper and expedient for the dispatch of business." Art. 199, § 79, supra.

That provision contemplates the setting of a session of court for dates in the future upon proper order by the judge. There was a session of court set in Starr County commencing on the morning of July 30th. The instant contest and other matters were set for trial.

Article 1887, supra, provides:

"Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

A session of court is set by proper order of the court, and after a day has been set for a session, such setting can only be set aside or postponed by a subsequent order of court. Prior to the 1949 amendment to Article 5, § 7, of the Constitution, Vernon's Ann.St. proceedings relating to a cause pending in a particular county had to be conducted in the county seat of such county. Berner v. Berner, Tex.Civ.App., 146 S.W.2d 1017. The Constitution was, however, amended so as to provide, "The Court shall conduct its proceedings at the county seat of the county in which the case is pending, *except as otherwise provided by law."*

In 1951, the Legislature made provision for the rendition of orders relating to a cause outside the county where the case was pending and specifically provided that the district judge "may sign any order or decree in any case pending for trial or on trial before him in any county in his District at such place as may be convenient to him, and forward such order or decree to the clerk for filing and entry." Acts 1951, 52nd Leg. p. 341, Ch. 212, Art. 1919, Vernon's Ann.Civ.Stats.

■ While members of the bar may, by common consent, act upon an informal suggestion by the judge as to the postponement of a session of court, such session cannot be legally eliminated or postponed by the judge while he is outside the county where the suit is pending, except by means of a written order signed by the judge and forwarded to the clerk as required by statute. The reason for the statutory requirement is apparent. The rendition of orders outside the county where a case is pending constitutes an exception to the general practice that orders are rendered by pronouncement from the bench in open court, under circumstances whereby the danger of dispute as to the nature of the order is minimized. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040. The Legislature intended that there should be no dispute as to the nature of the order rendered outside the county, hence the requirement for a written order and the signature of the judge. The nature and contents of an order should not rest in parol.

The setting of this session of court and the present contest was never countermanded or amended by a subsequent legal order. The district judge failed to appear on the day set, failed to make any order re-setting or postponing the session or the contest. On July 30th, the regular judge was absent from Starr County and also absent from the entire District, at least during the greater part of the day. The situation was that a session was set and there was no judge to proceed.

■ The situation is similar to that which existed before the advent of con-

tinuous terms, where the regular judge would call a special term of court for one of the counties of the district, and then be unable to attend such special term because he was engaged at the time in conducting court in another county of his district. Under such circumstances it was held proper to elect a special judge. St. Louis Southwestern Ry. Co. of Texas v. Swinney, 34 Tex.Civ.App. 219, 78 S.W. 547.

This is not a case in which a judge has failed or refused to set a case for trial or to call a session of court for a particular county. Nor is it a case to determine whether, either before or after July 30th, the regularly elected district judge has, by proper order, set aside the session of court called for that date. This is a case in which a session of court was set; the regular judge did not appear at that time and a special judge was thereupon elected in accordance with the applicable statute.

 What has been said in effect disposes of the appeal. The special judge was duly sworn before a Notary Public in and for Starr County. He was not disqualified from passing upon the motion for rehearing filed in the cause, even though his disqualification to try the case was urged as a ground for new trial. Otherwise any special judge elected under Article 1887, although he had tried the case originally and was in the best position to determine the motion, could be disqualified from so doing by an assertion that he was not authorized to try the case originally. The law provides that a special judge should be compensated, but does not contemplate that such provision shall disqualify him from completing the case and hearing a motion for new trial. Richardson v. State, 109 Tex.Cr.R. 148, 4 S.W.2d 79, 81, states some of the reasons that the special judge was not disqualified:

"To hold that a remotely contingent interest of this kind disqualifies a judge carries with it the implication that the morals and manhood of public servants are on a deplorably low plane, and which, we think, is neither demanded in law nor justified in fact.

A purely fictitious motion to quash, having no merit in fact, could thus be made to exalt the shadow above the substance, and to make real what was in fact only a hollow pretense.

"Besides, in such event, there would be no court in Texas in which certain misdemeanors including the one involved in this appeal could be prosecuted. A holding that the trivial, speculative, and remote matter set up by appellant would disqualify all the county judges in Texas amounts in effect to a destruction, temporarily, at least, of a governmental agency set up as part of our organic law by the people for the protection of society and its members, and which has existed for over half a century."

Appellant's brief fails to disclose a reversible error and consequently the judgment appealed from is affirmed.