**Armando LONGORIA, Appellant,**

v.

**J. M. LONGORIA, Appellee.**

No. 12868.

Court of Civil Appeals of Texas.

San Antonio.

April 13, 1955.

Rehearing Denied May 11, 1955.

Sawnie B. Smith, Edinburg, Gerald Weatherly, Rio Grande City, for appellant.

A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, Frank R. Nye, Jr., Rio Grande City, for appellee.

**PER CURIAM.**

■ This is an election contest for the office of County Commissioner of Precinct No. 3 of Starr County, Texas. Appellant, Armando Longoria, who was contestant below, contends that he was elected to such office at the general election held on November 2, 1954, while appellee, J. M. Longoria, who was contestee below, contends that he was elected to such office.

The trial court declared J. M. Longoria elected by a majority of twenty-seven votes and Armando Longoria has prosecuted this appeal. Armando Longoria was the Democratic nominee for the office involved, while J. M. Longoria was a write-in candidate for the same office. These two parties had been rival candidates for this same office for the Democratic nomination in the primary election held in July, 1954. This primary election resulted in a contested election which was decided in favor of Armando Longoria. See Longoria v. Longoria, Tex.Civ.App., 267 S.W.2d 426.

These same parties were also rival candidates for this same office in 1952, which also resulted in a primary election contest. See Longoria v. Longoria, Tex.Civ.App., 251 S.W.2d 939.

On the official ballot of the general election, held on November 2, 1954, the name of Armando Longoria was printed in the Democratic column as a candidate for the office of County Commissioner of Precinct No. 3, Starr County. Fifty-seven voters ran a line through the name Armando but not through the name Longoria, and wrote under Armando the initials, J. M. The trial judge allowed these ballots to be counted for J. M. Longoria, and if he did not err in so doing there is no reversible error in this record.

 It is obvious and the record shows, that the candidacy of these two men for the office of County Commissioner was a notorious and well-known fact in Precinct No. 3 of Starr County, Texas. It is also obvious what the intention of the voter was, when he ran a line through the name of Armando and wrote under it, J. M. It is true that a voter who did not care to vote for the Democratic nominee should have drawn a line through his entire name and written the name of the write-in candidate in the column made available for that purpose. Art. 6.06, Vernon's Ann.Tex.Stats., Election Code. This provision was in our statutes before the adoption of the election code and was Article 2981, R.C.S., 1925, and before that, Article 2969, Vernon's Sayles Civil Statutes. This provision of our statutes had for many years been construed as being directory only. Moore v. Plott, Tex.Civ.App., 206 S.W. 958; Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625; Campbell v. Wright, Tex.Civ.App., 95 S.W.2d 149; Stubbs v. Moursund, Tex. Civ.App., 222 S.W. 632; Johnston v. Peters, Tex.Civ.App., 260 S.W. 911.

The trial judge, who had the ballots before him, was able to determine that the voters in marking out the name Armando and placing under it the initials, J. M., intended to vote against Armando Longoria. and for J. M. Longoria for the office sought by both of them. When this intention can be ascertained from the ballots and from the evidence in the case, it should be given paramount consideration and the intention of the voter carried into effect. Davis v. State, 75 Tex. 420, 424, 12 S.W. 957; Johnston v. Peters, supra; McCrary on Elections, §§ 528, 529, 530.

The court is not required to close its eyes to what the record shows everyone in Precinct No. 3, Starr County, Texas, knew, viz., that when a voter ran a line through the name Armando and wrote under it, J. M., the voter intended to vote against Armando Longoria and for J. M. Longoria. for the office of County Commissioner of Precinct No. 3, Starr, County, Texas.

The judgment of the trial court is affirmed.