

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 16, 1961

Honorable Tom Blackwell
County Attorney
Travis County
Austin, Texas

Opinion No. WW-1021

Re: Whether a ballot in a special
election can be counted where
the voter marks his ballot by
some method other than drawing
horizontal lines through the
names of all candidates except
Dear Mr. Blackwell:        the candidate of his choice.

You have requested an opinion concerning the method of
marking the ballot in the special election for United States
Senator to be held on April 4, 1961, at which election the names
of 71 candidates will be printed on the ballot in a vertical
column without party designation. You have submitted a sample
ballot which has been marked by encircling the name of one candi-
date and by drawing elongated X's through the names of all candi-
dates above and below the encircled name, and you have asked if
a ballot marked in this manner would be a valid ballot and should
be counted for the candidate whose name is circled, or must the
voter mark out all candidates he does not wish to vote for by
marking a horizontal line through each name. The method you
have depicted may be illustrated as follows:

GEORGE WASHINGTON
JOHN ADAMS
THOMAS JEFFERSON
JAMES MADISON
JOHN QUINCY ADAMS
(ANDREW JACKSON)
MARTIN VAN BUREN
WM. HENRY HARRISON
JOHN TYLER
JAMES K. POLK
ZACHARY TAYLOR

The ballot in the coming special election will be pre-
pared in accordance with Section 32a of the Texas Election Code
(V.C.S., Election Code, Art. 4.10), which provides:

"The ballots in such special elections shall
not bear any party designations but shall be
printed otherwise as indicated in Section 61

/Art. 6.05/, and shall be marked as indicated in Section 62 /Art. 6.06/."

Section 62 (V.C.S., Election Code, Art. 6.06) reads as follows:

"In all elections, general, special, or primary, the voter shall mark out the names of all candidates he does not wish to vote for. When party columns appear on a ballot, a voter desiring to vote a straight ticket may do so by running a line with a pencil or pen through all other tickets on the official ballot, making a distinct marked line through all tickets not intended to be voted; and when he desires to vote a mixed ticket, he shall do so by running a line through the names of such candidates as he desires to vote against. If the name of the person for whom the voter wishes to vote is not printed on the ballot, the voter shall mark through the names which appear on the ballot in that race and shall write in the name of the candidate for whom he wishes to vote in a general election in the write-in column under the appropriate office title, and in a primary or special election in an appropriate space under the title of the office.

"The failure of a voter to mark his ballot in strict conformity with these directions shall not invalidate the ballot, and a ballot shall be counted in all races in which the intention of the voter is clearly ascertainable."

The instruction note appearing on the ballot, provided for in Section 61, directs the voter to vote for the candidate of his choice "by scratching or marking out" the names of all other candidates.

It is to be noticed that Section 62 does not expressly state that a voter who is marking out the names of individual candidates, rather than party columns, shall do so by running a horizontal line through the names of the candidates he wishes to vote against; it states that he shall "mark out," "run a line through," or "mark through" the names. In voting a straight ticket, he may do so by running a line "through all tickets not intended to be voted."

It is generally accepted that Sections 61 and 62 contemplate vertical lines through party columns and horizontal

lines through the names of individual candidates, perhaps in part because that is the manner in which the voter would normally carry out these instructions; but the statutes do not expressly state in what direction the lines shall be drawn. As a practical matter, the only way a voter can run a line "through" a vertical party column is by drawing a line running from the top to the bottom of the column.

With respect to the manner of marking out individual names, one could indulge in an intricate argument on the meaning of the preposition "through" and whether a line passes through a name only when it is drawn parallel to the type line, or whether it can also be said to pass through the name when drawn perpendicular to the type line. Be that as it may, we do not think it is vital to determine whether a vertical line would comply with the literal terms of the statute. These provisions for marking the ballot are directory rather than mandatory. Longoria v. Longoria, 278 S.W.2d 885 (Civ.App. 1955); Trout v. Loe, 325 S.W.2d 191 (Civ.App. 1959, error dism.). The last paragraph of Section 61 expressly states that "the failure of a voter to mark his ballot in strict conformity with these directions shall not invalidate the ballot, and a ballot shall be counted in all races in which the intention of the voter is clearly ascertainable." The vital question is whether the intention of the voter can be clearly ascertained. In our opinion, the only reasonable deduction which can be drawn from the face of the ballot marked in the manner you have depicted is that the voter intended to vote for the candidate whose name is circled, and the ballot should be counted as a vote for that candidate.

Other variations of the method of marking can be conjectured, two of which are illustrated below:

```
GEORGE WASHINGTON           GEORGE WASHINGTON
JOHN ADAMS                  JOHN ADAMS
THOMAS JEFFERSON            THOMAS JEFFERSON
JAMES MADISON               JAMES MADISON
JOHN QUINCY ADAMS           JOHN QUINCY ADAMS
ANDREW JACKSON              ANDREW JACKSON
MARTIN VAN BUREN            MARTIN VAN BUREN
WM. HENRY HARRISON          WM. HENRY HARRISON
JOHN TYLER                  JOHN TYLER
JAMES K. POLK               JAMES K. POLK
ZACHARY TAYLOR              ZACHARY TAYLOR
```

In the first example, horizontal lines are used to mark through the names of the candidates immediately above and below the candidate of the voter's choice, and joined to the horizontal lines are two vertical lines, one extending to the top of the

column of names and the other to the bottom of the column. In the second example, broken vertical lines pass across all other names, leaving untraversed the space in which the name of the candidate of the voter's choice is printed. In both of these illustrations, we think the voter's intention is clearly ascertainable. Ordinarily, his intention would also be ascertainable from various other combinations of horizontal and vertical lines passing through or across all names on the ballot except one name which is left completely unobliterated. However, a voter who uses vertical lines incurs the risk of inadvertently extending a line into the name of the candidate for whom he wishes to vote or failing to extend lines through all other names or in some other manner creating a possibility of obscuring his intention and invalidating his ballot.

This opinion is not to be taken as a recommendation that voters use some method other than the horizontal scratch method. We are merely expressing an opinion on whether ballots not marked in strict compliance with that method can be counted, and our holding is limited to ballots marked in one of the three manners we have illustrated without any material deviation from the illustrations. It would be impossible to express an opinion on whether a ballot marked in some other manner should be counted without considering the exact nature of the marking. However, election judges may be guided by the general rule that a ballot should be counted if the voter's intention is clearly ascertainable and the method used does not violate some express prohibition against counting of ballots so marked.

### SUMMARY

The instructions in Article 6.06, V.C.S., Election Code, on how ballots are to be marked, are directory, and a ballot which is marked by some method other than drawing horizontal lines through the names of candidates whom the voter wishes to vote against should be counted if the voter's intention is clearly ascertainable.

Yours very truly,

WILL WILSON
Attorney General of Texas

By ~~Mary K. Wall~~
Mary K. Wall
Assistant

MKW:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Thomas Burrus
Raymond V. Loftin
Riley Eugene Fletcher
Maston Courtney

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt