### WICHITA VALLEY RY. CO. v. WOOD.
(No. 1891.)

(Court of Civil Appeals of Texas.   El Paso. April 15, 1926.)

1. Railroads ⊕⟶444—Owner of animal killed by train cannot recover attorney's fees without proof of reasonableness (Vernon's Sayles' Ann. Civ. St. 1914, art. 2178).

In action for value of mule killed by defendant's train, plaintiff could not recover $20 attorney's fees, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2178, where no evidence was offered to show reasonable attorney fee in case.

2. Appeal and error ⊕⟶1140(6)—Erroneous allowance of attorney fee without proof of reasonableness may be cured by remittitur.

Erroneous allowance of attorney fee without proof that it was reasonable, in action for value of mule killed by train, may be cured by remittitur.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by A. V. Wood against the Wichita Valley Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed conditionally.

Kirby, King & Overshiner, of Abilene, for appellant.
Cox & Hayden, of Abilene, for appellee.

HIGGINS, J.   Appellee sued to recover the sum of $125, the value of a mule alleged to have been killed by a train of appellant, and the further sum of $20 as an attorney's fee, under article 2178, Vernon's Sayles' Ann. Civ. St. 1914. Upon trial, without a jury, he recovered judgment as prayed for. The appellant's right of way was fenced, but the fence was in bad state of repair, being in

places not over 18 inches high. It is asserted the evidence is insufficient to show that the animal entered upon the right of way over the defective fence instead of through a gate which had been placed in the fence for the convenience of the owner of the land upon both sides of the right of way; also that it is insufficient to show that the injuries which caused the animal's death were inflicted by a train of appellant. We have examined the evidence and regard it as sufficient to support findings adverse to these contentions.

[1] Upon the trial no evidence was offered to show the reasonable amount of an attorney's fee in the case. Appellant assigns as error the insufficiency of the evidence in this respect. This is well taken. St. Louis, S. W. Ry. Co. v. Claybon (Tex. Civ. App.) 199 S. W. 488; Quanah, A & P. R. Co. v. Price (Tex. Civ. App.) 192 S. W. 805; Quanah, A. & P. R. Co. v. Watkins (Tex. Civ. App.) 193 S. W. 356.

[2] This is a matter which may be cured by remittitur. If, in 20 days, a remittitur of $20 upon the judgment be filed by appellee, the judgment will be affirmed; if it be not so filed, the judgment will be reversed, and the cause remanded.

Affirmed conditionally.