**AMERICAN NAT. INS. CO. v. JONES.**

No. 4630.

Court of Civil Appeals of Texas. Texarkana.

May 17, 1935.

Rehearing Denied May 30, 1935.

JOHNSON, Chief Justice.

Appellant, American National Insurance Company, issued its policy of life insurance, of date February 9, 1922, to appellee, Sanders Holmes Jones, agreeing to pay to his wife as beneficiary the sum of $2,000 upon death of the insured, or to pay certain monthly installments upon his suffering total and permanent disability. This suit is by appellee to recover upon the disability provisions of the policy, the pertinent terms of which provisions are as follows:

"* * * Or agrees to pay to the owner of the policy $2720.00 in 20 equal annual installments of $136.00 each * * * if the insured should become totally and permanently disabled to such an extent as to render it impossible for him to engage in any gainful occupation whatever * * * such total and permanent disability occurring * * * while this policy is in force * * * the first installment being payable immediately after receipt by the Company of due and satisfactory proofs of such total and permanent disability, or such injuries as above defined, before default in the payment of any premium.

"The total and permanent disability referred to must be such that there is neither then nor at any time thereafter any work, occupation or profession that the insured can sufficiently do or follow to earn or obtain any wages, compensation or profit.

"The premium payments hereon will cease immediately after the beginning of such disability as above described and will be resumed only as hereafter provided.

"The insured must furnish from time to time evidence satisfactory to the Company of continued total and permanent disability, and if the insured shall recover from such total disability sufficiently to earn or obtain any wages, compensation or profit, the insured shall resume payment of premiums on the next succeeding due date of premium."

Appellee's petition was filed January 25, 1933, and in substance alleged: That on or about January, 1932, and while the policy was in full force and effect, he became "totally and permanently disabled" as defined by the terms of the policy and was entitled to receive its annual benefits; that on October 4, 1932, he had, upon blanks furnished by the company, submitted to

King, Mahaffey, Wheeler & Bryson, of Texarkana, Tex., for appellant.

Wm. Hodges, of Texarkana, Tex., and Arnold & Arnold, of Texarkana, Ark., for appellee.

appellant due and satisfactory proofs of his disability; that appellant refused to pay the claim or any part of it and denied liability under the terms of the policy; that more than thirty days had elapsed after said demand and repudiation of the claim. Appellee sought to recover the value of the installments in the lump sum, together with interest, penalty, and attorney fees.

Appellant answered by general denial, and specially pleaded, in substance, that the policy had lapsed and terminated on July 29, 1932, by default in payment of further premiums; that appellant had exhausted the loan value of the policy in application of payments of premiums extending it to July 29, 1932; that no premiums had been paid on the policy since said date; that the policy was not in force at the time appellee gave notice and submitted proofs of his claim, and by reason thereof, appellant claims, it was not liable for payment of appellee's alleged disability. Appellant further pleaded that in no event was it liable under the terms of the policy for payment of the benefit installments in a lump sum. And, in the alternative, appellant prayed that should the court hold it liable on appellee's claim, the loan value of the policy in the sum of $289.17 which it had loaned appellee and applied to payment of premiums extending the policy in force until July 29, 1932, was an indebtedness which appellant was entitled to have applied as a credit or offset against any judgment obtained by appellee in his disability claim.

Trial to a court without a jury resulted in judgment for appellee for the first annual benefit installment in the sum of $136, together with 6 per cent. interest thereon from October 6, 1932, and 12 per cent. penalty on that amount, and $300 as attorney fees, aggregating $460.38, from which judgment the company has appealed.

The following express findings of the trial judge were embodied in the judgment:

"1st—That the policy of insurance issued by the defendant and sued on in this case is now and has been continuously since its delivery to the plaintiff a valid and subsisting contract and is now in full force and effect;

"2d—That plaintiff, Sanders Holmes Jones, became totally and permanently disabled within the terms of said policy before he reached the age of sixty (60) years, and while this policy was in full force and effect; that plaintiff's disability is such that he is now and has not been since a few months prior to July 29, 1932, able to engage in any work, occupation or profession that he can sufficiently do or follow to earn or obtain any wages, compensation or profit;

"3d—That within a reasonable time after such disability began plaintiff presented to defendant proofs of his disability as required by the provisions of his policy of insurance, and thereafter more than thirty (30) days before the institution of this suit demanded payment of the benefits provided for in said policy;

"4th—That defendant has failed and refused to pay any part of the benefits provided for in said policy in case of the disability of the plaintiff; that plaintiff thereafter employed the firm of Arnold & Arnold of Texarkana, Arkansas, and Wm. Hodges of Texarkana, Texas, to institute and prosecute this suit;

"5th—That the sum of Three Hundred Dollars ($300.00) is a reasonable allowance for attorney's fees in this case, considering the amount involved and the issues raised and determined."

Appellant in its first proposition contends that the policy of insurance lapsed because of nonpayment of dues on July 29, 1932, and that the trial court erred in finding that it is now, and has continuously been since its issuance and delivery, in full force and effect.

In the facts agreed to by appellee and appellant on the trial of the case it is stipulated: "That prior to the 29th day of July, 1932, and in accordance with the provisions of said policy, the surrender or cash value of said policy to the full extent thereof had been consumed through loans and by credits in the use of same in paying premiums which had theretofore matured on said policy by the defendant to the plaintiff, and that the plaintiff had been duly notified of these facts prior to said date; and that neither the plaintiff nor anyone for him have paid any premiums since the payment of the premium which carried the policy to the 29th day of July, 1932, but that up to said last mentioned date said policy was in full force and effect."

It being agreed that the policy was in full force and effect up to July 29, 1932, the question presented is: Did it expire on

or after that date? No premiums have been paid since payment of the premium which extended the policy to July 29, 1932. It is the contention of appellee in this respect that he has suffered total and permanent disability since prior to July 29, 1932, and as the policy provides, "Premium payments hereon will cease immediately after the beginning of such disability," there was no premium payment due on or after July 29, 1932; that default in payment of premium could not occur when none were required to be paid by the terms of the policy during such continuing disability of the insured. Citing Aetna Life Ins. Co. v. Phifer, 160 Ark. 98, 254 S. W. 335. This contention of appellee is sound, provided he has suffered disability to the extent and duration claimed by him, and as defined in the terms of the policy above quoted. The trial court, as will be noted from his findings above quoted, found that plaintiff's disability is such that he is now, and has not been since a few months prior to July 29, 1932, able to engage in any work or occupation or profession that he can sufficiently do or follow to obtain any wages, compensation, or profit. The appellant contends this finding of the court is without support in the evidence. In the facts agreed to on the trial of the case it is stipulated that on or about December 6, 1932, appellee was admitted as a patient to the State Tuberculosis Sanitarium near San Angelo, Tex., where he has since remained, and that his physical condition has remained substantially the same as when he entered the sanitarium. The sworn statements of the witnesses to the proofs of disability made on October 3, 1932, was admitted in evidence on trial of the case.

Appellee stated: That his disability began prior to 1932; that the nature of his disease was tuberculosis, and he could not say when it was contracted; that since his disability began he had done no substantial work, only trivial items in the last year; that he had been in bed since August 31st, and practically two months prior thereto.

W. O. Arnold stated that: He has known appellee for ten years; that appellee's occupation since he has known him has been that of a bricklayer; that he has never known appellee to be disabled by disease or injury prior to his present disability commenced prior to 1932; that its effect is coughing continuously, and inability to work; that since his present disability appellee has done no work to speak of, only trivial work.

Dr. S. A. Collum, Jr., stated that: He first visited appellee August 30, 1932; that he was suffering with tuberculosis in the second stage; that his disability was permanent; that it was his opinion the insured could do no substantial work, and has not been able to do any for several months prior to his examination; that the disease at that stage is fixed and permanent.

Dr. J. K. Smith testified that: He first visited appellee September 20, 1932; that he was suffering from advanced pulmonary tuberculosis; that pulmonary tuberculosis, if moderately advanced, is always permanent; that in his opinion the disability claimed is total and permanent and that there is neither now nor will be hereafter any work, occupation, or profession that the insured can do or follow to earn or obtain any wages, compensation, or profit; and with the advanced stage of the disease he is confident that this disability has existed several months prior to September 20, 1932, the date of his examination.

Dr. Smith testified on the trial of the case to facts substantially as above stated, and, further: That the disease with which the defendant was suffering is a progressive disease, hence he could not state the exact period of time when his total disability began; that he could not be more specific as to the time when total disability began than to say it was five or six months prior to the date of his examination in September, 1932; that the disability of Mr. Jones was permanent. On cross-examination he testified that people with progressive tuberculosis often follow some occupation up to the time of about the last stages of it; that there were various things that they could do. As to when appellee became disabled to do lighter work, witness could not say as to a definite date. On redirect examination he stated that such total disability condition had existed five or six months prior to his examination; that a man disabled as Mr. Jones was could not perform work as a bricklayer or carpenter or any profession requiring exertion or manual labor.

Dr. Collum, Jr., testified on the trial that: Upon his examination of appellee on August 30, 1932, he found active tuberculosis of the lungs developed to an advanced state, and that in the condition in which he found him at that time, he was

totally disabled to carry on the business of bricklayer or any similar occupation or profession, and in his opinion that condition existed probably for a year or more, and that his disability is permanent.

N. P. Sanderson testified that: The health of appellee during June, July, August, and September, 1932, was very poor; that he lost considerable weight during that period of time and was coughing constantly; that he visited appellee frequently after May, 1932, and that he was in bed all the time; that he did not carry on any occupation during this time; that he built appellee a sleeping porch; and that he lay there until he was moved to the hospital.

Mrs. S. H. Jones, wife of appellee, testified that: Mr. Jones is forty-eight years of age; that they have been married for the past twenty-three years; that Mr. Jones has practically no education; that he is a bricklayer by trade; that he has followed that occupation for twenty-three years or more; that he has followed no other occupation; that she was concerned about her husband's health for about a year prior to the time Dr. Collum examined him, but that she was not alarmed until the spring of 1932; that she then insisted that he see a doctor, but he kept putting it off; that in fact he was not financially able to have an X-ray examination at the time; that in May, June, and July, 1932, her husband lost weight from about 148 or 150 pounds to 125 pounds; that he coughed constantly; that he registered an elevated temperature practically all that time; that he did nothing but little odd jobs at that time, and when he would do those he would be perfectly exhausted; that most of the time he was in bed; that there was no one else working in their home and he felt that he had to do what he could, and he did little odd jobs occasionally, but that he could not mow the lawn without being exhausted; that during the months after July he was in bed all the time.

The above is a substantial statement of the testimony concerning the insured's physical condition given by the witnesses in the case. From this testimony we cannot say that the findings of the trial judge are without support in the evidence, or that it is not authorized by the evidence.

█ In its third proposition appellant contends that the trial court erred in finding that the proofs of disability submitted by appellee to appellant were presented "within a reasonable time" after the disability began. The words "reasonable time" have no set limit and no precise definition. What constitutes a reasonable time depends upon the facts and circumstances of the particular case and is to be determined as other questions of fact. The proofs of disability were presented to appellant October 6, 1932. It appears from the testimony, by reason of the progressive nature of the disease from which appellee was suffering, the exact date that his disability became total and permanent cannot be more definitely determined than to say it occurred about April, 1932, approximately seven months before proofs of disability were presented to appellant. In the facts and circumstances before him we are not able to say that the trial court erred in concluding that the proofs were submitted within a reasonable time. It does not appear that appellant was injured by the delay, and no plea of estoppel is presented against appellee for not having sooner submitted his proofs of disability. The policy contains no provision requiring notice to be given of the disability, nor does it limit the time within which proofs of disability shall be presented. The only provision of the policy in this respect is that which fixes maturity or time of payment of the first installment for disability, namely, "the first installment being payable immediately after receipt by the Company of due and satisfactory proofs of such total and permanent disability, or such injuries as above defined, before default in the payment of any premium."

█ It is the contention of appellant, in effect, that the purpose and meaning of the clause of the policy last above quoted required that proofs of disability must be received by the company before default in the payment of the premium, that is, before default in payment of the premium which would, in the absence of disability, become due next after the beginning of disability; that failure to so present such proofs would forfeit the claim for disability. This construction would require the insured upon sustaining disability to tender his proofs before due date of the next premium or to pay such premium. It would render ineffective the unconditional express terms of the policy providing that "the premium payments hereon will cease immediately after the beginning of disability." We think a more reasonable construction of the clause is that it provides

the mode of maturing time of payment of the first installment for disability suffered before default in payment of any premium. Under this construction the insured's claim for disability occurring before default in payment of premium would not be forfeited for failure either to present proofs before due date of, or pay, the premium next falling due after disability. This would be in harmony with and give effect to the terms of the policy providing for cessation of premium payments upon beginning of disability. As applicable to the clause under consideration, no express forfeiture is provided in the policy. Forfeitures are harsh and punitive in their nature and are not favored in law. No forfeiture of the insured's benefits will be declared upon matters arising from implication, if by reasonable construction forfeiture can be avoided. And, when the terms of the insurance policy are capable of two constructions, under one of which recovery is allowed, and under the other it is denied, that construction will be given which permits a recovery. 24 T. J. p. 702, §§ 27 and 29.

■ In its fourth proposition appellant contends that the attorney fees allowed by the trial court are unreasonable and excessive. The amount allowed is $300. Plaintiff's suit was to recover the value of the twenty annual installments of $136 each. Recovery was allowed for only the first installment, but the suit established appellant's liability under the policy, which it had denied, for payment of the installments, the ultimate amount of which will be $2,720. The amount allowed by the trial court is less than half that testified to as being a reasonable fee in the case. It is the purpose of the statute to allow an amount reasonably sufficient for the professional work involved, taking into consideration all the attending facts and circumstances, which amount necessarily must bear some reasonable proportion to the amount involved. It does not appear that the amount allowed on this case is unreasonable.

■ In its fifth proposition appellant complains of the trial court's failure to allow its plea to offset or credit appellee's judgment with the amount which it had loaned appellee on the policy and applied to the payment of premiums. That appellant had made such loan to the full extent

of the surrender or cash value of the policy and applied same to the payment of premiums carrying it to July 29, 1932, were facts agreed to upon the trial of the case. The amount of which surrender or cash value on July 29, 1932, as shown by the table of loan and surrender values of the policy introduced in evidence was $289.17. The policy provides: "In any settlement of the policy the indebtedness of the Company hereon shall be a first lien in priority to the claim of any beneficiary or assignee." And, further: "Any indebtedness due the Company hereon will be deducted in any settlement hereunder, upon the death of the insured or in the payment of any other benefits." We think the trial court erred in not allowing appellant's plea for the offset.

Appellee's recovery will be credited with said sum of $289.17.

As so modified, the judgment of the trial court is affirmed, and the cost of this appeal taxed against appellee.