**Gerald WEATHERLY, Appellant,**

v.

**Armando LONGORIA, Appellee.**

No. 13020.

Court of Civil Appeals of Texas.
San Antonio.

May 31, 1956.

Rehearing Denied June 20, 1956.

Gerald Weatherly, Laredo, for appellant.

Hartley, Lattimore, Alamia & Perkin, Pharr, for appellee.

**W. O. MURRAY, Chief Justice.**

This controversy was begun by a sworn motion for judgment, under the provisions of Art. 317, Vernon's Ann.Civ.Stats., by Armando Longoria against Gerald Weatherly, an attorney at law, seeking to compel him to pay over to movant the sum of $2,250 alleged to have been collected by the attorney for movant, who at the time was Weatherly's client. Movant offered to allow the attorney a reasonable fee for his services in collecting the money.

The sworn motion states that on March 31, 1954, movant signed a written contract employing the attorney to collect for him his back salary as a county commissioner of Starr County, from January 1, 1953, up until such time as he might take his seat as such county commissioner, the emoluments of the office having been paid to a usurper, one J. M. Longoria.

The contract of employment was written by the attorney and allowed him to retain for his services a reasonable fee of one-half of the amount recovered, but when movant objected the attorney marked out the one-half, thus leaving the contract reading "a reasonable fee." It was then signed by movant.

Thereafter the attorney filed Cause No. 2944, entitled Armando Longoria v. J. M. Longoria et al., in the District Court of

Starr County. This suit resulted in an agreed judgment in the sum of $4,500. The attorney collected this sum and sent one-half to movant and retained one-half. Movant asked that the attorney be required to pay over to him $2,250, less what might be determined to be a reasonable fee for the attorney's services, and further that movant recover the sum of $450 as damages.

■ The attorney answered with a plea to the jurisdiction of the court to hear the motion, which plea was overruled by the trial court, and the attorney urges that the court reversibly erred in so doing. Longoria's affidavit was sufficient to show that the attorney had collected money belonging to his client and had failed, after demand had been made, to pay such money over to its rightful owner. It is true that the attorney was entitled to retain a reasonable fee for his services in collecting the money, but this would not render the court without jurisdiction to hear the motion. Art. 317, Vernon's Ann.Civ.Stats.; Bush v. Baumgardner, 212 Ala. 456, 102 So. 629; In re Butler's Estate, 137 Ohio St. 115, 28 N.E. 2d 196.

■ Whether the court would entertain the motion was a matter addressed largely to the sound discretion of the trial court and, unless he abused such discretion in hearing the motion, such action will not be disturbed by an appellate court. People's Savings Bank v. Chesley, 138 Me. 353, 26 A.2d 632; 5 Am.Jur., § 144, p. 345; 22 A. L.R. 1504; In re Long, 287 N.Y. 449, 40 N.E.2d 247, 141 A.L.R. 651.

The court heard a great deal of evidence in which respondent was permitted to cross-examine the witnesses offered by movant and to offer witnesses on his own behalf. After a full hearing the court allowed respondent, in effect, a fee in the sum of $675 for his services in collecting the money, and rendered judgment against him in the sum of $1,575 together with damages in the

sum of $157.50. Respondent has appealed and has given a supersedeas bond.

■ The implied finding of the trial court to the effect that $675 was a reasonable fee for collecting the money is supported by sufficient evidence. The record shows that Armando Longoria and J. M. Longoria were candidates for the office of County Commissioner of Precinct 3 in Starr County, Texas. J. M. Longoria was declared to be the winner and Armando brought an election contest. Gerald Weatherly, Esq., represented Armando in this contest and won the contest. Longoria v. Longoria, Tex.Civ.App., 278 S.W.2d 885. J. M. Longoria had given a bond in the sum of $12,000, with solvent sureties, guaranteeing to pay to Armando Longoria the emoluments of the office in the event Armando should win the contest. Such bond is provided for by Art. 9.09, Vernon's Ann. Election Code. Respondent was paid a fee of $3,370 for his services in the election contest.

When respondent learned that the appellate court had affirmed the judgment in the election contest, he went to the house of movant to inform him of his good fortune and suggested that he turn his attention to the collection of his back salary. This conversation resulted in the signing of a written contract employing respondent to collect movant's back salary. Several attorneys testified as to what would be a reasonable fee for the collection of the back salary. Some attorneys testified that fifty per cent would be a reasonable fee, while others set it at a much lower figure. The trial court in fixing the amount of attorney's fees is not bound by the opinion testimony of practicing attorneys. He should consider, among other things, the nature of the services rendered by the attorney, the amount involved, the interest at stake, the capacity and fitness of the attorney for the required work, the services and labor rendered by the attorney, the length of time occupied by such services and the benefit,

if any, derived by the client from such services. 5 Tex.Jur. 539, § 125. Where a court is called upon to fix the amount of the reasonable value of services rendered by an attorney the court may take into consideration his own knowledge of the value of such services. Chastain v. Cooper & Reed, Tex.Civ.App., 250 S.W.2d 652. From the entire record, we cannot say that the trial court reversibly erred in fixing the amount of reasonable attorney's fees herein at $675.

The judgment is affirmed.