**UNITED FINANCE & THRIFT CORPORATION OF DALLAS, Appellant,**

v.

**Paul F. CHAPMAN, Sr., et ux., Appellees.**

**No. 3807.**

Court of Civil Appeals of Texas.

Eastland.

June 21, 1963.

Rehearing Denied July 19, 1963.

Irion, Cain, Cocke & Magee, Burt Berry, Dallas, for appellant.

Fritz & Vinson, Edward C. Fritz, Dallas, for appellees.

GRISSOM, Chief Justice.

Paul F. Chapman, Sr., and wife sued United Finance & Thrift Corporation of Dallas and others to recover unpaid overtime compensation in the amount of $1,202.-28, being $601.14 single damages and an equal amount of liquidated damages, plus attorney's fees, pursuant to Section 216(b) of the Fair Labor Standards Act. A jury found for the plaintiffs on the questions of unpaid overtime compensation and whether Mrs. Chapman was engaged in Interstate Commerce.

Plaintiffs alleged they had employed an attorney to prosecute the case and that they were entitled to a reasonable attorney's fee, according to said act, "which is $25.00 per hour"; that the total attorney's fee would in all probability amount to, at least, $1,000.-00 in the trial court and, in the event of an appeal, an additional $500.00 in the appellate court. The jury found that $1,500.00 was a "reasonable attorney's fee for the services of plaintiffs' attorney in this case." Judgment was rendered against United Finance & Thrift Corporation of Dallas and others, jointly and severally, for $201.96 and an additional amount of $423.94 damages, totaling $625.90, and for $1,500.00 attorney's fees. United Finance & Thrift Corporation of Dallas, alone, has appealed.

■■ Appellant presents only one point. It is that the "court erred in allowing an attorney's fee so excessive as to be manifestly unjust." As shown, the judgment was for the principal sum of $625.90. As we understand it, appellees' claim was reduced upon the trial because it appeared that a portion of appellees' claim was barred by limitation. Appellant contends the $1,500.-00 attorney's fee is unreasonable and that, therefore, the judgment should be reversed. It specifically contends that on the face of the judgment there is an unreasonable relationship between the amount of recovery and the attorney's fees. Ordinarily, a recovery of $1,500.00 attorney's fees in a suit where the judgment is for only $625.90 is out of proportion. A determination of the amount of attorney's fees is within the sound discretion of the trial court. Appellees set out in their brief a state of facts which, if shown by the record, would justify the attorney's fee awarded. We do not know whether preparation and trial of this case required much greater skill, time and expense than usual. After hearing all the

evidence and observing the conduct of counsel the jury found that $1,500.00 was a reasonable attorney's fee. The court rendered judgment therefor. It has often been held that allowance of attorney's fees rests in the sound discretion of the trial court and that a judgment will not be reversed unless it is shown that the trial court abused its discretion. 7 Tex.Jur.2d 193. The jury and the court had the right to consider many things other than the amount of recovery in fixing the attorney's fee. It has been held that recovery of a large attorney's fee is authorized when claimant's lawyers diligently represented their clients in repeated hearings and pressed their cause through the reviewing courts while being constantly harassed by dilatory tactics and that the court and jury had a right to consider the time necessarily spent by counsel, counsel's ability, the nature of the case, the expenses necessarily incurred and the character of efforts required. Weatherly v. Longoria, Tex.Civ.App., 292 S.W.2d 139, 141, (Ref.N.R.E.); Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466; Stilwell v. Hertz Drivurself Stations, 3 Cir., 174 F.2d 714; Clarke Lumber Co. v. Kurth, 9 Cir., 152 F.2d 914; Waialua Agr. Co. v. Maneja, D.C., 97 F.Supp. 198; Conwell v. Central Mo. Tel. Co., D.C., 76 F. Supp. 398, affirmed 8 Cir., 170 F.2d 641.

A fact situation could have existed which would have authorized the verdict and judgment for attorney's fees. The burden is upon appellant to show that no such situation existed. Appellant has not presented a Statement of Facts. There being no Statement of Facts, we must presume there was evidence to support the finding of the jury and the judgment of the court. Ex Parte Wagner, Tex., 368 S.W.2d 185; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863.

Appellees ask that we award them an additional attorney's fees for the services of their attorney on appeal. As heretofore shown, appellees alleged that a reasonable attorney's fee was $25.00 per hour; that

the attorney's fees in the trial court would probably amount to $1,000.00 and, in the event of an appeal, an additional $500.00 in the appellate court. We cannot know from the record that the jury and the trial court did not consider the attorney's services on appeal and include compensation therefor in finding that $1,500.00 was a reasonable attorney's fee. In any event, we overrule appellees' request for an award of an additional attorney's fee in this court.

The judgment is affirmed.