Charles MAGIDS, Independent Executor of the Estate of Fannie N. Magids, Deceased, Appellant,

v.

William T. DORMAN, Appellee.

No. 131.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 19, 1968.

Rehearing Denied Sept. 4, 1968.

Joel W. Cook, Schlanger, Cook & Cohn, Houston, for appellant.

Herbert Finkelstein, Houston, for appellee.

BARRON, Justice.

This is a suit by appellee, W. T. Dorman, an attorney at law, to recover $14,099.84, for legal services allegedly rendered the Estate of Fannie N. Magids, deceased. Dorman was employed by appellant, Charles Magids, independent executor of the estate. The case was tried with the aid of a jury, and the jury found that appellee's services rendered to the estate were of a reasonable value of $500.00, and that the value of the services rendered in this suit by Dorman's attorney were of a reasonable value of $1,500.00. The trial court rendered judgment on the verdict in favor of appellee for $2,000.00. Magids has appealed from the judgment below, seeking relief only as to the judgment for attorney's fees rendered for services of appellee's present attorney for the filing, preparation and trial of the case at bar. The claim is that the attorney's fees in the amount of $1,500.00 for Dorman's attorney were excessive, and that no such fee is permitted under Art. 2226, Vernon's Ann. Civ.St.

The contention that attorney's fees are not recoverable under Art. 2226, V.A. C.S. in this case is overruled. Dorman's services were "personal services rendered" or "labor done," and if he elected to employ another attorney to collect his compensation he is entitled to recover attorney's fees if successful in his suit. Youngblood v. Wilson & Cureton, 321 S.W.2d 887 (Tex.Civ.App.), writ ref., n. r. e.; Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493, 499.

Magids contended that he owed Dorman no more than $300.00. The recovery was $500.00. There is testimony in the record concerning the professional work done by Dorman's attorney and tes-

timony from such attorney that a reasonable fee for his services, considering the work done by him including the jury trial, was between $1,500.00 and $2,500.00. Magids' expert witnesses, both attorneys, testified that a reasonable fee for Dorman's attorney was $1,500.00. The testimony supports the verdict. In addition to preparation in this case and approximately three days of trial before a jury, not to mention this appeal, a fee of $1,500.00 ordinarily cannot be considered unreasonable, and it cannot be said that the trial court abused its discretion in rendering judgment for such amount under the circumstances. Allowance of attorney's fees rests in the sound discretion of the trial court and its judgment will not be reversed in the absence of a showing of an abuse of that discretion.

It is true that an attorney's fee should ordinarily bear some reasonable proportion to the amount of money *involved in the litigation.* American Nat'l. Ins. Co. v. Jones, 83 S.W.2d 428 (Tex.Civ. App.), writ ref.; National Life & Accident Ins. Co. v. Runnels, 227 S.W.2d 351 (Tex. Civ.App.), no writ. In this case Dorman was seeking recovery of over $14,000.00 for legal services allegedly rendered in connection with the estate. While his recovery was far less than his claim for services, we cannot say as a matter of law that his position was wholly irrational or frivolous, or that by reason of his recovery of $500.00 his attorney's fee in this case should be proportionately reduced. An attorney cannot vouch for the total correctness of his client's claim and neither should the amount of his fee be wholly contingent on the amount of actual recovery. The general rule is that it is the province of the jury to determine what is the reasonable value of an attorney's services, and that the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 160. When Dorman recovered, the actual amount of recovery had little or nothing to do with the amount of professional skill, time, and trouble required to file and try this suit. No recovery, of course, would have precluded the award of attorney's fees.

The nature of the services, and the complexity and seriousness of the legal questions involved are facts to be considered by the jury in determining the value of an attorney's services. Weatherly v. Longoria, 292 S.W.2d 139, 141 (Tex.Civ. App.), writ ref., n. r. e. The determination of what constitutes the reasonable value of an attorney's services was here a question for the jury, and the finding of the jury thereon will not ordinarily be disturbed on appeal. Texas Life Ins. Co. v. Hatch, 167 S.W.2d 802 (Tex.Civ.App.), err. ref., w. o. m. See also United Finance & Thrift Corp. of Dallas v. Chapman, 369 S.W.2d 782 (Tex.Civ.App.), no writ, and Lee v. Universal Life Ins. Co., 420 S.W.2d 222 (Tex.Civ.App.), writ ref., n. r. e. We believe the diminished recovery in this case does not, as a matter of law, render the amount of attorney's fees found by the jury to be unreasonable. If such were the case, the statute would have so provided or indicated. See Art. 2226, V.A.C.S.

We do not hold that the above rules are unlimited. There are many situations where the amount of recovery would materially affect the recovery of attorney's fees. But we find the proportion between the amount of recovery and the attorney's fees in this case, considering all of the facts, to be within the limits of reason.

We find no error in the record. The judgment of the trial court is affirmed.

Judgment rendered, and opinion filed June 19, 1968.