Walter WIDEMAN, Appellant,

v.

GARDNER FLYERS, INC. and Henry Gardner, Appellees.

No. 4433.

Court of Civil Appeals of Texas, Eastland.

Feb. 5, 1971.

Rehearing Denied Feb. 26, 1971.

Tom Garner, Jr., Rhodes & Garner, Port Lavaca, for appellant.

Day & Nabers, Lynn Nabers, Brownwood, for appellees.

WALTER, Justice.

Walter Wideman recovered a judgment in a non-jury case against Gardner Flyers, Inc. and Henry Gardner for $296.14 for making aerial application of insecticides and herbicides. Wideman has appealed and contends there was no evidence and insufficient evidence to support the finding that appellant was solely responsible for 2000 acres of defective spraying on the 6666 ranch. He also contends such finding has resulted in the unjust enrichment of appellees.

 Wideman had a written contract with Gardner Flyers, Inc. to act as an independent contractor in making aerial application of chemicals to crops, trees and plants. The testimony of the witnesses Henry Gardner, Porter Meyers and Robert Ruth constitutes some evidence of probative force and supports the court's finding that appellant was responsible for at least 2000 acres of defective spraying on the 6666 ranch.

After considering the entire record, we find no merit in appellant's insufficient evidence point. The unjust enrichment point is also overruled.

 We find no merit in appellant's points asserting the court erred in failing to award attorney's fees. The appellant has not discharged his burden of showing that the court abused his discretion in failing to award attorney's fees: Magids v. Dorman, 430 S.W.2d 910 (Tex.Civ.App., writ ref. n.r.e.).

Appellant contends the court erred in computing credits allowed the appellees as a set-off against his claim because there is no evidence to support them. From this general point we find in his statement and argument one of the credits was for meals

at a cost of $2.00 per day for thirty days. Henry Gardner's testimony regarding the meals constitutes some evidence of probative force and supports the judgment.

 Henry Gardner is the president of VictoriAire, Inc. according to Wideman's testimony. Wideman says he owed VictoriAire some money and that $995.91 was approximately correct. The appellee Gardner testified that when "we got through spraying mesquite he (referring to appellant) said pay the VictoriAire bill out of what I've got coming, and deposit the balance in the bank at Victoria." Gardner introduced a check showing that he paid the bill as instructed. Appellant says that as a matter of law appellees could not set-off the claims of VictoriAire because it would constitute an unlawful garnishment of wages. We find no merit in these points. The court had a right to believe the testimony of Gardner and find that such payment was made under the express instruction of appellant.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.