**Auburn T. McFADDEN, Jr., et ux., Appellants,**

v.

**BRESLER MALLS, INC., Appellee.**

No. 12251.

Court of Civil Appeals of Texas, Austin.

July 23, 1975.

Rehearing Denied Aug. 13, 1975.

Barry K. Bishop, Donald Scott Thomas, Jr., Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellants.

J. Manuel Hoppenstein, Hoppenstein & Prager, Dallas, Gerard P. Nugent, Austin, for appellee.

O'QUINN, Justice.

This appeal is from judgment of a county court at law, in a suit of forcible entry and detainer, awarding $5,414.91 as attorney's fees and expenses appellee sought as "necessary and reasonable" in prosecuting a cause for recovery of $3,837.92 which represented the agreed fair market value of the premises for a period of less than four and one-half months.

Bresler Malls, Inc., appellee, brought suit against appellants, Auburn T. McFadden and wife, by notice of appeal against a judgment rendered in justice court denying to plaintiff its writ of forcible entry and detainer and writ of restitution. In the county court at law Bresler Malls alleged that the reasonable rental value of the premises held by the McFaddens was $900 per month for the months of May through September of 1974, or a minimum of $4,500, and in addition sought reasonable attorney's fees and expenses in prosecuting the suit, "in accordance with Rule 752 of the Texas Rules of Civil Procedure."

Appellants, as defendants below, in answering plaintiff's petition recognized their obligation to make specified monthly rental payments, and the record shows that appellants continued such payments to the month of trial. The parties stipulated in trial court, at the outset of the proceedings, that a "fair market value for the premises for the period of time in question" would be,

$882.38 per month, a total amount of $3,837.82 to the date of trial. The sum finally awarded Bresler Malls was $3,837.92, or ten cents more than the amount stipulated. The stipulation further recited that the total rent "reflects checks for the past months for the rent that have [has] been tendered to the Plaintiff by the Defendant[s]."

The premises involved consisted of store space in Highland Mall, in the city of Austin, to be used by the McFaddens "solely as a Bresler's 33 Flavors Ice Cream Shop selling handpacked and dipped ice cream, soda fountain products and *other related ice cream specialty items and no other products whatsoever* without prior consent of Landlord in writing." (Emphasis added) Sale by the McFaddens of popcorn, coffee, and sandwiches without prior permission was a basis for Bresler Malls' contention that the tenants had breached the lease agreement.

After the stipulations, the only issue before the trial court was the question of possession of the premises, dependent upon whether the lease contract between the parties had been breached, and the collateral issue of reasonable attorney's fees and expenses to be awarded the prevailing party under Rule 752. The trial court decided the issue of breach of the lease contract against appellants and awarded to Bresler Malls "damages in the sum of . . . [$3,837.92] being the reasonable rental value of said premises from May 1, 1974 until the date of trial."

In addition to award of the rents, which appellants stipulated were due and had tendered each month prior to trial, the trial court awarded Bresler Malls the sum of $5,414.91 "as reasonable attorneys [sic] fees and expenses incurred in prosecuting this appeal, and for costs of court."

Appellants bring the single point of error that "There is insufficient evidence to support the award of attorney's fees . . . and the fees awarded are grossly excessive and contrary to the great weight and preponderance of the evidence."

We will sustain the point of error and reverse the judgment of the trial court.

Appellee presents two counterpoints on appeal, the first of which we deem it appropriate to dispose of now. The first point challenges appellants' right "to raise the issue of reasonable attorney's fees for the first time on appeal."

Appellee argues that after submitting "its evidence as to reasonable attorney's fees, Appellants neither offered any evidence to the contrary nor did they even dispute Appellee's evidence. The issue was never presented to the trial court and the Appellants should not now be allowed to litigate it for the first time on appeal."

Appellants raised the issue of attorney's fees by general denial and by an explicit affirmative defense denying "that Plaintiff is entitled to any recovery of damages or attorney's fees." Appellants also sought affirmative relief by suing "to recover all necessary and reasonable expenses, including a reasonable attorney's fee, incurred in defending this suit in county court."

■ If appellants believed at the trial that appellee had failed to offer sufficient evidence to support recovery of attorney's fees, or that the evidence offered was so incomplete as to constitute no evidence, their failure to offer rebuttal testimony did not amount to a waiver of the issue, nor did their action amount to an admission that appellee had discharged its burden of proof.

In its contention that the issue of attorney's fees may not be raised for the first time on appeal appellee relies on decisions in cases in which appellate courts declined to consider issues which had not been pleaded in the trial court. Those cases are not in point. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association,* 163 Tex. 314, 354 S.W.2d 576, 581 (1962); *Ayoub v. Herold,* 287 S.W.2d 539, 544 (Tex.Civ.App. El Paso 1955, writ ref. n. r. e.); *Yelverton v. Brown,* 412 S.W.2d 325, 328–29 (Tex.Civ.App. Tyler 1967, no writ); *Arnold v. Crockett Independent School District,* 389 S.W.2d 608, 609

(Tex.Civ.App. Tyler 1965, affmd. in part, rev. and remd. in part, Tex., 404 S.W.2d 27), citing *Victory v. State,* 134 S.W.2d 477, 481 (Tex.Civ.App.1939, affmd. 138 Tex. 285, 158 S.W.2d 760, 766).

■ If appellee's position is that appellants, in order to raise the issue on appeal, should have filed a motion for new trial, calling the trial court's attention to the error later complained of on appeal, that position too is untenable. Under their pleadings appellants, both by general denial and affirmative defense, put appellee in a position of having to prove every material fact of its cause of action, and since the trial was before the court without a jury, motion for new trial was not required to preserve error on appeal. Rule 324, Texas Rules of Civil Procedure. *Boswell v. Handley,* 397 S.W.2d 213, 217 (Tex.Sup.1965).

Appellee's second point is counter to the issue presented in this appeal by appellants, and will be considered in disposing of that question.

The only evidence heard by the trial court on the question of attorney's fees were certain stipulations, in summary, as follow:

(1) If called to the stand, Gerry Nugent, one of the attorneys for appellee, would testify that he spent less than one hour "familiarizing himself with the file," and spent 27 hours in research, preparation, and trial of the case, his hourly rate being $50.

(2) If called, J. Manuel Hoppenstein, also attorney for appellee, would testify he spent 60 hours in research, preparation, and trial, and that his usual charge is $60 per hour. In addition, Hoppenstein indicated that for travel, telephone expense, and court costs advanced, he had spent $459.16.

(3) Charles Babb, not of counsel, if called would testify that charges of $50 or $60 an hour are reasonable.

(4) If called, Donald Scott Thomas, Jr., counsel for appellants, would testify that he spent 11 hours in preparation of the case and two days in trial, at an hourly rate of

$40. Thomas further would offer the minimum fee schedule of the State Bar of Texas on trial of civil cases in county court which specifies minimum fees of $35 for perfecting appeal from justice court, $50 for preparation, and $75 per day for court appearances. Thomas further would testify that for representing appellants a total charge of $200 would be a reasonable fee.

Appellants have not contested expenses of $459.16 stipulated by Hoppenstein. The question remaining is whether attorney's fees, amounting to nearly $5,000, were shown to be necessary and reasonable under the evidence adduced.

Appellants' position is that the court's judgment awarding the sum of $5,414.91 for attorney's fees and expenses "cannot be maintained as 'necessary and reasonable' under Rule 752, Texas Rules of Civil Procedure." Rule 752 specifies damages which appellant or appellee, on the trial of a forcible entry and detainer proceeding in county court, may plead and prove: [1] Damages "suffered for withholding or defending possession of the premises during the pendency of the appeal and [2] also all *necessary and reasonable expenses incurred in prosecuting or defending the cause* in the county court . . . ." (Emphasis added)

Damages awarded for withholding the premises are not at issue on appeal and were, as indicated earlier, stipulated by the parties. The sole issue is whether attorney's fees, included by the trial court in "necessary and reasonable expenses incurred in prosecuting the cause" were shown by appellee to be necessary and reasonable. Appellants contend also that the attorney's fees awarded by the trial court were "grossly in excess of the State Bar of Texas Minimum Fee Schedule, which, one supposes, were based in large part upon the number of hours which would be reasonably expected to be necessary."

Preliminary to meeting the issue of sufficiency of the evidence to support the judgment for attorney's fees, appellee contends, first, that even in the absence of any evidence, the trial court could have awarded attorney's fees; and second, that since findings of fact and conclusions of law were not filed, the appellate court "must presume that the trial court found facts in a manner to support its judgment."

■ Under the first contention appellee relies on decisions by a court of civil appeals and asserts, "When the trial is to the Court without a jury, the Court is presumed to know the amount of a reasonable fee without evidence." That principle is not now and has never been established law in this state, and, as advanced by counsel for appellee, is in direct conflict with decisions of the Supreme Court. In 1966 the Supreme Court expressly rejected any holding of courts of civil appeals that reasonableness of attorney fees is a matter "entrusted to the trial judge's discretion," or that "the trial judge may adjudicate reasonableness on judicial knowledge and without benefit of evidence." *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.Sup.1966). See also *Johnson v. Universal Life & Accident Ins. Co.,* 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936); *Trevino v. American National Ins. Co.,* 140 Tex. 500, 168 S.W.2d 656, 660 (1943).

This Court followed *Britton* in 1974 and applied the principle that reasonable attorney's fees must be established by competent evidence. *Huntley v. Huntley,* 512 S.W.2d 767 (Tex.Civ.App. Austin 1974, no writ). There this Court held that reasonableness may not be entrusted to the trial court's discretion and the court may not adjudicate reasonableness on judicial knowledge without the benefit of evidence.

Other cases in which the principle of *Britton* has been followed include *Reynolds Research & Manufacturing Co. v. Scamardo,* 412 S.W.2d 941, 943 (Tex.Civ.App. Waco 1967, no writ); *Schecter v. Folsom,* 417 S.W.2d 180, 183 (Tex.Civ.App. Dallas 1967, no writ); *Webster v. Webster,* 442 S.W.2d 786, 789 (Tex.Civ.App. San Antonio 1969, no writ); *Morriss v. Pickett,* 503 S.W.2d 344, 350–351 (Tex.Civ.App. San Antonio 1973,

writ ref. n. r. e.); *Boaz Well Service, Inc. v. Carter,* 437 S.W.2d 38, 41–2 (Tex.Civ.App. Fort Worth 1969, no writ); *Smith v. Davis,* 453 S.W.2d 340, 347 (Tex.Civ.App. Fort Worth 1970, writ ref. n. r. e.); *Johns v. Jaeb,* 518 S.W.2d 857, 861 (Tex.Civ.App. Dallas 1974, no writ).

■ Appellee's insistence that, in the absence of findings and conclusions by the trial court, an appellate court must presume the trial court found facts in a manner to support the judgment argues a rule which means only that in a record where evidence of probative value can be found to support the trial court's judgment, the judgment must be affirmed on whatever theory of law is applicable. If evidence sufficient to support the judgment is not found in the record, the rule has no application. *Bishop v. Bishop,* 359 S.W.2d 869, 871 (Tex.Sup. 1962); *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.Sup.1968). See also decisions of this Court in *Prudential Insurance Company of America v. Lucas,* 456 S.W.2d 429, 433 (Tex.Civ.App. Austin 1970, writ ref. n. r. e.) and *Hays v. H. J. Hogan, Inc.,* 474 S.W.2d 330, 332–3 (Tex.Civ.App. Austin 1971, no writ), in which the trial court's judgment was affirmed on theories found to be supported by competent evidence.

Rule 752, Texas Rules of Civil Procedure, is one of seventeen Rules adopted in 1941 governing special proceedings in forcible entry and detainer. (138 Tex. 442, 661). These Rules were adopted from statutes, Articles 3974–3994, R.S.1925, and Rule 752, as last amended in 1943 and pertinent to this cause, provides:

"Rule 752.  Damages

"On the trial of the cause in the county court the appellant or appellee shall be permitted *to plead and prove his damages* if any suffered for withholding or defending possession of the premises during the pendency of the appeal and *also all necessay and reasonable expenses incurred* in prosecuting or defending the cause in the county court . . . ." (Emphasis added)

The right of a party to the appeal of an action in forcible entry and detainer to recover expenses incurred, including attorney's fees emanates exclusively from Rule 752, as the right was derived from the statute (art. 3990), and necessarily must be regarded as a penalty. *Tallwater v. Brodnax,* 137 Tex. 604, 156 S.W.2d 142, 144 (1941); *Perry v. Luettich,*[1] 132 Tex. 159, 121 S.W.2d 332, 333 (1938). Certain types of claims, not paid or satisfied thirty days after presentment, if reduced to judgment may justify recovery of a reasonable amount as attorney's fees under Article 2226, V.A.T.S.

■ But neither Rule 752 nor Article 2226 prescribes the standards by which a reasonable amount of attorney's fees may be fixed by the trial court. In arriving at an amount that will stand the test of reasonableness, the court as trier of the facts, must be guided by standards developed in the body of case law on the subject.

■ The elements most frequently considered by the courts in determining what amount would be reasonable as attorney's fees have been found in the cases and under the headings listed:

1.  The nature of the case, its difficulties, complexities and importance, and the nature of the services required to be rendered by the attorney. *Texon Oil and Land Co. v. Hanszen,* 292 S.W. 563, 567 (Tex.Civ.App. El Paso 1927, no writ); *Weatherly v. Longoria,* 292 S.W.2d 139, 141 (Tex.Civ.App. San Antonio, 1956, writ ref. n. r. e.); *Gulf Paving Company v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155, 160 (1945).

2.  The amount of money involved, the client's interest at stake, and the amount of time devoted by the attorney and the benefit derived by the client. *Weatherly v. Lon-*

---

1.  Spelling of appellee's surname (Luettich) in Texas Reports correctly reflects the official records.

*goria, supra; Brand v. Denson,* 81 S.W.2d 111, 113 (Tex.Civ.App. Austin 1935, writ dsmd.); *Vaughn v. Gunter,* 458 S.W.2d 523, 528 (Tex.Civ.App. Dallas, 1970, writ ref. n. r. e., Tex., 461 S.W.2d 599).

3. The time necessarily spent by the attorney, the responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services. *Brand v. Denson, supra; United Finance and Thrift Corporation v. Chapman,* 369 S.W.2d 782, 784 (Tex.Civ.App. Eastland 1963, no writ); *Weatherly v. Longoria, supra.*

Other criteria have been applied in other decisions, but the tests stated are sufficient for disposition of this appeal. Counsel for appellee made no proof in county court, save such as may be implied under the stipulations, that the eighty-eight hours they spent on the case, working as a pair, were necessary or reasonably necessary to perform the services they were called upon to achieve the results obtained. Counsel for appellant, working alone, showed that he spent less than one-third the time consumed by appellee's two lawyers, and stipulated that $200 would be a reasonable fee if appellant prevailed in the case. Stipulations by a member of the bar, not of counsel, were merely that an hourly charge of $50 or $60 by an attorney were reasonable "taking into consideration the nature of the suit itself, complexities, and the value of the problem involved," and did not purport to touch upon necessity in such a case of total hours which mounted into the equivalent of eleven eight-hour days.

■ Opinion testimony of an attorney is not conclusive, and the trier of the facts must take into consideration the facts in relation to the services. *Trevino v. American National Insurance Company,* 140 Tex. 500, 168 S.W.2d 656, 660 (1943); *Gulf Paving Co. v. Lofstedt, supra,* 188 S.W.2d 160. (See also, opinion testimony held not conclusive on attorney's fees in summary judgment proceedings involving Article 2226, *Coward v. Gateway National Bank,* 525 S.W.2d 857, Tex.1975.)

The trial court awarded $5,414.91 as "reasonable attorneys [sic] fees and expenses," without designating the portion of the award allotted to attorney's fees and the part awarded for expenses incurred. Hoppenstein's stipulation indicated expenses amounting to $459.16 incurred by him. The record does not disclose other proof of expenses incurred by appellee in prosecution of the appeal in county court. Deducting from the total award of $5,414.91 the amount of expenses proved leaves a balance of $4,955.75 presumed to be the award for attorney's fees. By multiplying 27.8 hours Nugent stipulated by $50 per hour produces the sum of $1,390, and multiplying 60 hours Hoppenstein stipulated by $60 an hour yields the sum of $3,600, or a total of $4,990 possibly awarded as attorney's fees.

■ But whatever the amount of attorney's fees, whether $4,955.75 or $4,990, the award was not supported by sufficient evidence that the amount was reasonable. Appellee failed to discharge the burden of showing by evidence of sufficient probative value that the fees awarded were reasonable when examined in the light of facts showing the nature of case, its want of complexities and difficulties, and the comparatively simple demands upon the time, skill and services of the attorneys.

Few statutory proceedings in Texas courts have been established so long, or have become so clearly defined and circumscribed, as the proceeding in forcible entry and detainer. After its origin in 1876 (Acts 1876, 15th Leg. p. 154, sec. 4 of ch. 103; Gam.Laws, vol. 8, p. 991), the proceeding became Title 45, Articles 2440–2463, in the Code of 1879 and was carried forward in each of the succeeding Codes in 1895, 1911, and 1925. With adoption of the Texas Rules of Civil Procedure in 1941 the statutes of 1925 were translated to the Rules as section 2 (Rules 738–755) of Part VII relating to special proceedings.

The entire proceeding is covered by a treatise of only 33 sections in Texas Juris-

prudence, supplemented by two sections, with annotations to the field of case law construing the statutes and Rules. (25 Tex. Jur.2d, pp. 464–497) A remarkably brief but inclusive review of the proceeding was stated in 1962 by Supreme Court in *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (1962). Lowe ably covers the entire subject, from justice court to the court of civil appeals, in less than 34 pages of editorial matter. Texas Practice, vol. 6A, L. Hamilton Lowe: Remedies, pp. 1–34 (1973). The need for extensive research has been obviated by these sources, and the likelihood that new and complex problems will arise in this simple proceeding is so remote as to be almost non-existent.

By its own terms, the proceeding in county court is limited to the issues of fair market value of the premises, the right of possession, and the collateral issue of reasonable attorney's fees and expenses to be awarded the prevailing party under Rule 752. In this case fair market value was stipulated, leaving only the issue of right of possession and the collateral issue of attorney's fees and expenses incurred.

Determination of the issue of possession was dependent upon whether the lease contract had been breached. This issue virtually was reduced early in the trial to a question of law when, at the outset, appellants stipulated that they had been selling popcorn almost from the beginning of the lease term, and subsequently admitted in testimony that they had been selling sandwiches and coffee. The trial court apparently had little difficulty in concluding that popcorn, coffee, and sandwiches were not commodities which could be classified as "hand-packed and dipped ice cream, soda fountain products and *other related ice cream specialty items,*" to which appellants were limited under the lease contract.

Appellee argues on apppeal that "the Appellants defended upon a complex theory of law. In addition to a plea in abatement and a general denial, Appellants alleged the affirmative defense that Appellee had, in its relations with the Appellants, breached the Texas Anti-Trust laws." We fail to find this contention supported by the record. Although appellants, in their original answer, interposed a plea in abatement and an affirmative defense under the Texas Business and Commerce Code, section 15.01 et seq., and also under section 1 of the Sherman Act and section 3 of the Clayton Act, pertaining to anti-trust violations, the amended answer under which the parties went to trial contained no such pleadings, and those matters were not in issue in actual trial of the case. Counsel for appellants, after pleading violation of anti-trust statutes, apparently observed that the issue was not within the limited scope of Rule 752 and abandoned that position before trial. Counsel for appellee, in exercise of like skill, doubtless noticed the inoperative aspects of the pleading before troubling to gird themselves for combat with a windmill.

■ There is not sufficient evidence of probative value to support the award of attorney's fees in the sum of approximately $5,000. In cases of this type attorney's fees are in the nature of a penalty, which in this case is so disproportionate that it exceeds recovery of rents by appellee by more than twenty-five percent. The amount of the award is not supported by any of the principles, rules, or criteria by which reasonableness of attorney's fees is determined by the courts.

The award is grossly excessive, but this Court reverses the judgment of the trial court by reason of the insufficiency of evidence to support the award. If the judgment were reversed on the sole ground that the award is excessive, this Court would be under mandatory duty to suggest a remittitur under provisions of Rule 440, Texas Rules of Civil Procedure. *Carter v. Texarkana Bus Company,* 156 Tex. 285, 295 S.W.2d 653 (1956); *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex.Sup. 1974); *Atchison, Topeka and Santa Fe Railway Company v. Ham,* 454 S.W.2d 451, 463–4 (Tex.Civ.App. Austin, 1970, writ ref.

n. r. e.); *Wichita Valley Ry. Co. v. Wood,* 284 S.W. 301 (Tex.Civ.App. El Paso 1926, no writ).

The judgment of the trial court is affirmed, except as to the award of attorney's fees; that portion of the judgment awarding attorney's fees is reversed, and the cause is remanded for further proceedings to determine reasonable attorney's fees, consistent with this opinion.