**Stan TITLOW, Appellant,**

v.

**Ken DEVINE, Appellee.**

**No. B14–82–233CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

Walter A. Schroeder, Houston, for appellant.

Peter E. Ryba, Houston, for appellee.

Before JUNELL, PAUL PRESSLER and MURPHY, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a recovery of $28,000 on a promissory note in a non-jury trial. Appellant brings nine points of error, all of which assert that the "trial court erred in entering judgment" as each finding had either "no evidence" or was "against the great weight and preponderance of the evidence." Six of the points of error concern affirmative defenses where the burden of proof was on appellant. We reform the judgment and affirm.

■ In his first two points of error, appellant complains of the court's failure to find an accord and satisfaction between the parties. The burden of proof in establishing such rests on the party asserting it. *Anderson Development Co. v. Producers Grain Corp.,* 558 S.W.2d 924, 927 (Tex.Civ. App.—Eastland 1977, writ ref'd n.r.e.). Appellant needed to prove an accord and satisfaction by a preponderance of the evidence. He contends that this was proven as a matter of law. However, whether an accord and satisfaction had been agreed to was disputed in the record. Since this was a non-jury trial, the court decided the facts. Having held that there was no accord and satisfaction, the court by implication found that the appellant did not meet his burden of proof. Appellant's first and second points of error are overruled.

■ In his third and fourth points of error, appellant contends that he proved payment as a matter of law and, therefore, the trial court erred in not finding that appellee was estopped from demanding payment or from bringing suit. This alleged payment was based upon an unwritten agreement that the dividends from corporate profits would be used to make the note payments. This was an affirmative defense which appellant had to prove by a preponderance of the evidence. The record shows that there was a dispute as to whether such an agreement existed. The trial court, as trier of fact, determined that it did not. Appellant's third and fourth grounds of error are overruled.

In his fifth and sixth points of error, appellant contends that the court erred in finding that no release existed. He claimed that appellee agreed to cancel his note if appellant surrendered his stock. This was also an affirmative defense based upon facts which were disputed. The court found that there was no release. Appellant did not meet his burden of proof. Appellant's fifth and sixth points of error are overruled.

■ In his eighth and ninth points of error, appellant contends that the court erred in finding $3,000.00 to be a reasonable attorney's fee. Appellant argues there was nothing to show that the time spent by appellee's attorney was necessary and reasonable. There is sufficient evidence in the record to sustain the court's finding. The fact-finder may determine the reasonableness of attorney's fees when such are allowed by statute or contract. *Magids v. Dorman,* 430 S.W.2d 910 (Tex.Civ.App.— Houston [14th Dist.] 1968, writ ref'd n.r.e.). Appellant's eighth and ninth points of error are overruled.

Appellant's seventh ground of error contends the court erred in entering judgment for plaintiff for $28,000.00 as appellee did not seek such sum. His petition sought judgment for only $27,989.50. In oral argument, appellee conceded that the judgment should be in such amount. Thus, we find the judgment is excessive by $10.50. The judgment is reformed to render judgment for appellee for $27,989.50.

The trial court's judgment is affirmed as reformed.