Opinion issued April 3, 2008















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00920-CV






IN RE HEATHER SARTAIN, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION

 By petition for writ of mandamus, relator, Heather Sartain, challenges the trial
court's (1) temporary order for interim attorney's fees. 

 We conditionally grant the petition for writ of mandamus.

Background


 Relator filed a motion to modify, and after several procedural maneuvers on
both sides, the real party in interest moved for temporary orders, including an order
for interim attorney's fees. After the associate judge awarded attorney's fees, relator
appealed to the district court for a de novo review of the associate judge's order.

 The trial court held a non-evidentiary hearing at which the attorney for real
party in interest argued that the court should award attorney's fees in the amount of
$35,000 to $40,000 because (1) relator was attempting to relitigate issues decided in
an earlier motion to modify, (2) relator earned more money than real party in interest
and had access to other support from friends and family and a possible inheritance,
and (3) relator had not previously paid child support. Real party in interest's attorney
noted that he had "incurred to date with our firm $19,850." She further stated, "We
would expect if we're going to spend another week in trial that it's probably going
to be another $15,000 just to appear at trial and to prepare and to do the follow up
documents . . . . Our position is that my client has incurred these fees and these fees
are reasonable and necessary . . . ." Relator argued that an award of interim attorney's
fees would be improper absent a finding that such fees were for the "safety and
welfare" of the child.

 The trial court later issued temporary orders, which, among other things,
granted real party in interest's motion for interim attorney's fees, awarded $20,000,
and stated that they were necessary for real party in interest's attorney "to conduct
discovery and properly prepare for trial and to protect the best interest of the child." 
Relator petitioned for writ of mandamus asserting that there are no pleadings and no
court findings that the attorney's fees are for the safety and welfare of the child.

Mandamus

 Mandamus relief is available only to correct a "clear abuse of discretion" when
there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law.'" Id. (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding)). Mandamus is a proper remedy to attack the issuance of a
temporary order in a suit affecting the parent-child relationship, because such orders
are not subject to interlocutory appeal. Tex. Fam. Code Ann. §105.001 (Vernon
Supp. 2007); see, e.g., Little v. Daggett, 858 S.W.2d 368, 369 (Tex. 1993) (orig.
proceeding) (holding that mandamus is appropriate remedy because temporary order
granting visitation is not appealable); Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex.
1991) (orig. proceeding) (holding that mandamus is an appropriate remedy because
"the trial court's issuance of temporary orders is not subject to interlocutory appeal").

Interim Attorney's Fees

 In a suit affecting the parent-child relationship, a "court may make a temporary
order . . . for the safety and welfare of the child, including an order . . . for payment
of reasonable attorney's fees and expenses." Tex. Fam. Code Ann. §105.001(a)(5)
(Vernon Supp. 2007). We addressed this situation in Saxton v. Daggett, which
involved the prior version of this statute. Saxton v. Daggett, 864 S.W.2d 729, 736
(Tex. App.--Houston [1st Dist.] 1993, no writ). In Saxton, the relator sought
mandamus relief, among other things, from the trial court's order that he pay $19,000
in interim attorney's fees. Id. We noted that the prior version of the Family Code
provided that a court could make a temporary order for the safety and welfare of the
child, including an order for reasonable attorney's fees and expenses. Id. But we
held that the Family Code did not "authorize a trial court, in a suit affecting the
parent-child relationship, to make a temporary order for payment of reasonable
attorney's fees for a purpose other than the safety and welfare of the child." Id.
(emphasis in original).

 In Saxton, the trial court had ordered the payment of fees that had already been
accrued in order to "level the playing field" between the parties. Id. 

 Adequate discovery from both sides was not without relation to the
safety and welfare of the children; in general, adequate discovery could
be expected to promote the development of a sufficient factual
exposition, necessary here for respondent to decide the motion to modify
conservatorship of the children in accordance with the best interest of
the children. However, the fruits of discovery accomplished prior to the
April 5 hearing were already available and would in the future promote
the safety and welfare of the children to the extent of their power to do
so; the extent of that power was not increased by retroactively shifting
the cost of that discovery to Saxton.


Id. (emphasis in original).

 Here, the trial court ordered the payment of interim attorney's fees to enable
real party in interest's attorney "to conduct discovery and properly prepare for trial
and to protect the best interest of the child." Because this was a non-evidentiary
hearing, the trial court heard no evidence and, therefore, could not have heard any
evidence that the attorney's fees were needed for the safety and welfare of the child. (2) 
Moreover, real party in interest's attorney argued for attorney's fees to cover the
charges that had previously accrued and because, in her estimation, relator was in a
better position to pay the fees than real party in interest. Such an award of interim
attorney's fees in a suit affecting the parent-child relationship is not authorized. Tex.
Fam. Code Ann. §105.001(a)(5); Saxton, 864 S.W.2d at 736.

Conclusion

 We hold that the trial court abused its discretion by ordering interim attorney's
fees because the order does not comport with section 105.001(a)(5) of the Family
Code. Tex. Fam. Code Ann. §105.001(a)(5). We conditionally grant relator's
petition for writ of mandamus, and we direct the trial court to vacate its
September 25, 2007, temporary order for interim attorney's fees. We are confident
the trial court will promptly comply, and our writ will issue only if it does not.

 We vacate the temporary stay granted in this case on October 29, 2007.




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


1. Respondent is the 306th District Court of Galveston County, Texas, the Honorable
Janis L. Yarbrough, presiding. The underlying suit is In the Interest of S.N.C.,
A Child; Cause No. 02FD1467.
2. Real party in interest argues that relator waived her complaint about the lack of
evidence because she requested to proceed without evidence at the hearing. Relator did not
have the burden of proof in the trial court; real party in interest did. Requesting to proceed
without testimony is not tantamount to stipulating to the real party in interest's factual
account. Relator did not waive her right to mandamus relief. See McFadden v. Bresler
Malls, Inc., 526 S.W.2d 258, 261 (Tex. Civ. App.--Austin 1975, no writ); see also Tex. R.
App. P. 33.1(d) ("In a nonjury case, a complaint regarding the legal or factual insufficiency
of the evidence . . . may be made for the first time on appeal in the complaining party's
brief.").